THE STATE OF KANSAS V. L. A. WALKER.

No. 15,909.   (97 Pac. 862.)

1. CONTEMPT—*Waiver of Irregularities in the Proceedings.* A failure to object to contempt proceedings and the giving of an appearance bond waived any irregularities up to that time.

2. —— *Jurisdiction—Presumption on Review.* It was said it would not be presumed that the district judge acted outside his jurisdiction.

3. —— *Accusation — Copy of Judgment Violated — Judicial Notice.* In a contempt proceeding it was not necessary that a copy of the judgment violated should be attached to the accusation.

4. —— *Accusation — Waiver — Answer.* An answer to the merits waived all technical defects in the accusation.

5. —— *Verification of Accusation—Jurisdiction of Justice of the Peace—Venue—Presumption.* The statement of venue at

The State v. Walker.

the top of an affidavit showed that a justice of the peace acted in his county, and in the absence of evidence to the contrary it was presumed he acted in his township.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed October 10, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, and *Oscar Schmitz,* county attorney, for The State; *J. K. Codding,* and *John Marhall,* of counsel.

*C. E. Carroll,* for appellant.

*Per Curiam:* This is an appeal from a judgment of contempt. The failure of the appellant to make any objection to the proceedings and his giving of a recognizance for his appearance waived all irregularities, if there were any, up to that time.

It will not be presumed that the district judge acted outside his jurisdiction. If he did so the fact should have been shown.

It was not necessary that a copy of the judgment violated should be attached to the accusation. The court took judicial notice of it. The fact that the purported copy which was furnished deviated from the original in orthography and other slight particulars did not warrant the sustaining of an objection to the introduction of evidence.

The answer of the appellant to the merits waived all technical defects in the accusation. However, the statement of the venue at the top of the verification should be read as a part of the official certificate, and this shows the justice acted in his county. It was not necessary that the certificate should show he acted in his township. If he did not do so the appellant should have proved the fact.

The judgment of the district court is affirmed.