BARBARA E. BUTLER, *Appellee,* v. JAMES T. BUTLER,
*Appellant.*

No. 16,414.

### SYLLABUS BY THE COURT.

1. CONTEMPT — *Conveyances Decreed in Divorce Proceeding* —
*Refusal to Execute Warranty Deeds.* Where, in a judgment
in a suit for divorce, the husband is ordered to join with the
wife, upon her request, in a conveyance of land adjudged to
her in a division of the property, he is not obliged to execute
a deed containing covenants of warranty on his part, and is
not in contempt of court for refusing to do so.

2. ———— *Execution of Conveyances Decreed upon Request* —
*Authority of Person Making Request.* The husband who was
so adjudged to execute a conveyance upon the request of the
wife is not compelled to execute such instrument until so
requested by her, or by some person authorized by her to make
such request; and the person who makes the request should
state by whose authority he acts, if the husband asks for
such information.

Appeal from Jewell district court; RICHARD M.
PICKLER, judge. Opinion filed March 12, 1910. Re-
versed.

### STATEMENT.

JAMES T. BUTLER was adjudged guilty of an indi-
rect contempt and appeals from the judgment.

In a suit for divorce by Barbara E. Butler against
James T. Butler a judgment was rendered refusing a
divorce, but awarding to the wife certain lands belong-
ing to the defendant, and containing the following
order:

"It is further ordered, adjudged and decreed that the
defendant shall be and is hereby required to join in any
conveyance which the plaintiff may request him to ex-
ecute sufficient to devest her of, or limit her interest in
or to, or, in any manner that she may choose to sell,
mortgage or encumber, any or all of the real estate so
awarded her in this equitable division of the property
rights of the plaintiff and the defendant."

Mrs. Butler caused two instruments to be made out, which she signed and acknowledged. These instruments were in the general form of warranty deeds, by Barbara E. Butler and James T. Butler, of the land awarded to the wife by the judgment. One purported to convey a part of the land to her son and the other to convey another part to her daughter. The consideration stated in each deed was "$1 and other good and sufficient considerations." Following the description in each deed was the following:

"This deed is executed upon the express agreement and understanding between the said first and second party that the said first party reserves the right to possession of said premises during her lifetime, also a life lease to said real property, and with the further understanding that if the said grantor, B. E. Butler, desires or requests a reconveyance of the above described real property from the said grantee, her heirs and assigns to the said grantor, B. E. Butler, then and in that event the said grantee agrees to reconvey upon notice from said grantor."

The deeds also contained the ordinary covenants of seizen, against encumbrances, and general warranty, without exception or restriction. After being executed by Mrs. Butler, they were sent by mail to the appellant, then in another town, with a letter as follows:

"You are hereby requested to acknowledge and sign and return them to Formoso, Kan.
(Signed)     G. H. BAILEY."

The evidence does not disclose what authority Mr. Bailey had, nor was the appellant informed of his authority or for whom the writer of the letter acted, further than appears from the letter. In a short time after receiving the instruments the appellant returned them by mail, without his signature, to Mrs. Butler. About five months after they had been returned, Mrs. Butler requested her son George (the grantee in one of them) and another person to take them to Mr. Butler

and have them signed. The son sent the deeds by a notary to the appellant for that purpose. The papers being presented for signature, the appellant asked the notary by whose request he was acting, and was told that George (the son) had brought the deeds up and was over in town, but no further information was given, and the appellant refused to sign the papers. Mrs. Butler died a month later.

After the death of Mrs. Butler, George E. Butler filed a petition and an affidavit in the district court, entitled in the divorce action, setting out the judgment and charging the appellant with contempt in refusing to execute conveyances, as required by its terms. The appellant filed a verified answer denying that he had ever been requested by Mrs. Butler or any one authorized by her to execute such conveyances, and disclaiming any intent to violate the judgment or orders of the court. The matter was heard upon the petition and affidavit of George E. Butler, the answer of the appellant, and the evidence.

*G. H. Bailey,* and *R. W. Turner,* for the appellant.

*W. R. Mitchell,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: A motion is made to dismiss this appeal for want of an abstract. We agree with counsel that the abstract of the appellant is quite insufficient. The petition and affidavit upon which the contempt proceedings were founded, and the answer thereto, are not abstracted. Some of the evidence is set out in the abstract, but more is contained in the brief. The abstract and brief are so intermingled that it is difficult to distinguish between them; but the appellee has properly supplied these omissions by furnishing a counter abstract, and, the case being thus presented, the motion will be denied. The costs of the counter abstract will be taxed against the appellant.

The judgment for contempt can not be sustained. It was shown that Mrs. Butler did not herself request the execution of the instruments, and no one claiming to act by her authority made such request for her. The party who sent the papers by mail did not intimate that he had such authority, and the others who presented the deed in person, when asked by whose authority they were acting, or who requested them to act, did not claim to represent Mrs. Butler. The appellant was entitled to this information before signing the papers.

Another and more serious objection is urged in behalf of the appellant. The instruments presented for his signature contained covenants of warranty. It can not be claimed that the judgment required him to enter into such covenants. He was only required to join in conveyances to devest his wife of whatever title she had received should she so desire, and was not required to make a better title or to become personally liable for any defect or encumbrance. What interest is conveyed, or might be conveyed, by the peculiar instruments signed by the wife need not be considered.

The appellant contends that the court had no jurisdiction of the proceedings because no accusation as provided by the statute was filed. (Laws 1901, ch. 132, § 2; Gen. Stat. 1901, § 1983.) He can not, however, complain of this, since he filed his answer to the petition without objection, treating that as a sufficient charge, thereby waiving a formal accusation.

The judgment is reversed and the cause remanded for further proceedings.