No. 27,742.

OTTO E. STELZNER, *Appellee,* v. THE IRON CLAD STORE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

RECEIVERS—*Appointment—Notice of Application—Necessity that Appointment Be Incidental Relief.* It is error to appoint a receiver for a corporation on the day the action is commenced where no notice of the application for such appointment is given and where the only relief asked by the plaintiff against the defendant corporation is that the receiver be appointed to conduct the affairs of the corporation and the plaintiff does not give the bond mentioned in R. S. 60-1208.

Appeal from Pottawatomie district court: MARTIN A. BENDER, judge. Opinion filed June 11, 1927. Reversed.

*D. R. Hite, George T. McDermott* and *Maurice D. Freidberg,* all of Topeka, for the appellant.

*A. E. Crane, B. F. Messick* and *A. H. Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: This is an appeal from an order appointing a receiver.

The petition alleged that the defendant was a corporation; that the plaintiff owned thirty-five shares of stock in it; that its directors were E. J. Fisher, F. E. Fisher, Floyd Funnell, C. E. C. Simpson and Otto E. Stelzner; and that the defendant had been "engaged for many years in the merchandise business selling hardware, and the funds and property of the corporation are in imminent danger of being lost."

The petition further alleged—

"That in the autumn of 1926, it was talked that it would be best to close out the business of the defendant; that at this time E. J. Fisher is the president of said corporation; that recently the plaintiff was informed and now believes F. E. Fisher has sold the stock of merchandise belonging to the defendant for about $3,000, which was worth at least $7,000; that F. E. Fisher is acting in the matter without consulting the directors and officers of said company, and E. J. Fisher, its president, is permitting the said F. E. Fisher to sell said property as aforesaid."

The prayer of the petition was as follows:

"Wherefore, plaintiff prays that a receiver be appointed to take charge of the property of said corporation to investigate the purported sale of the stock of merchandise and if found to be sold as alleged in the petition, that an

Corporations, 14a C. J. p. 970 n. 60. Receivers, 23 R. C. L. 37, 38.

action be brought to set aside said sale, and that the receiver collect all accounts and bills receivable due said company, and that the affairs of said company be conducted and managed by said receiver under the orders of this court, and plaintiff have such other and further relief as to the court may seem just and proper."

The petition was filed on April 8, 1927, and on that day a receiver was appointed without notice to the defendant.

R. S. 60-1208 in part reads:

"Whenever an *ex parte* application is made by a plaintiff in a civil action to any court or judge thereof, at or after the commencement of said action, for the appointment of a receiver therein, the court or judge to whom said application is made may require from the applicant before making the order, an undertaking with sufficient sureties in an amount to be fixed by said court or judge to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver, in case such applicant shall procure such order, wrongfully, maliciously, or without sufficient cause."

The bond mentioned in that section of the statute was not required or given.

The errors assigned by the defendant are as follows:

"1. The district court erred in entertaining the appellee's motion for the appointment of a receiver, by failing to require notice to be given of the making of such application, and affording the appellant an opportunity to be heard.

"2. The district court erred in appointing a receiver for that the petition and application do not state facts sufficient to confer jurisdiction to make such appointment.

"3. The district court erred in failing to require the appellee to give the bond as provided in section 60-1208, R. S. 1923."

What relief did the plaintiff ask from the defendant? Nothing except that a receiver be appointed and that he manage and conduct the affairs of the defendant.

In the *City of Parsons v. Water Supply & Power Co.*, 104 Kan. 294, 178 Pac. 438, this court declared that—

"With few exceptions, the appointment of a receiver is an ancillary remedy which can only be obtained in an action in which other substantial equitable relief is sought, and such appointment is not made when that is the ultimate object of the action." (Syl. ¶1.)

In *Feess v. Bank*, 84 Kan. 828, 115 Pac. 563, this court said:

"A temporary injunction, which affects large pecuniary interests, should not be granted nor should a receiver be appointed to take the possession and control of business and property from its owners, without notice to the parties to be affected and before they have had an opportunity to be heard in relation to their rights, except in cases of the greatest emergency." (Syl. ¶1.)

State, *ex rel.*, v. Court of Coffeyville.

It should not be forgotten that the relief asked, so far as the defendant was concerned, was that a receiver be appointed. When one was appointed the main purpose of the action was accomplished, and judgment had been rendered. That was done without notice and on the day the summons was issued, inferentially at least before it was served, and no bond such as is mentioned in R. S. 60-1208 was required or given. The effect of the order appointing the receiver was to render judgment on the day the action was commenced. After he was appointed there was nothing left to try. Under the circumstances it was error to appoint the receiver without notice and without requiring the bond mentioned in R. S. 60-1208.

The order appointing the receiver is set aside, and the trial court is directed to discharge him and to order him to turn over to the defendant all money and property in his hands as receiver and to account to the defendant for all property that may have been disposed of by him.