No. 41,142

J. K. WEBER, *Appellee,* v. SUTORIUS BREAD COMPANY, a Corporation, *Appellant.*

(341 P. 2d 959)

filed July 10, 1959.

*Emmet A. Blaes,* of Wichita, argued the cause, and *Harry L. Hobson, A. W. Hershberger, Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones, William E. Palmer, Robert Roth,* all of Wichita, and *Alden E. Branine, C. Fred Ice* and *Arthur N. Turner,* all of Newton, were with him on the briefs for the appellant.

*J. Rodney Stone,* of Newton, argued the cause, and *George A. Robb,* of Newton, was with him on the brief for appellee.

*Kenneth G. Speir, Vernon A. Stroberg* and *Herbert H. Sizemore,* all of Newton, were attorneys for the Receiver, Charles L. Emley, but no briefs were filed.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order appointing a receiver.

The petition, filed by plaintiff, J. K. Weber, against the defendant, Sutorious Bread Company, a Corporation, on his own behalf and purportedly on behalf of other debenture holders of such company, discloses that plaintiff is the holder of certain debenture bonds issued by the bread company as part payment for the purchase of capital stock of the company from plaintiff pursuant to an installment contract executed by the company and plaintiff on November 25, 1957; that the par value of his bonds is $3,500.00 and the total par value of the entire issue of the bonds is $125,000.00; that such bonds bear interest at a rate of four per cent per annum and are a prior obligation ahead of all classes of stock of the company in the event of liquidation or dissolution, but are subordinated to operating expenses of the company; and that such bonds are to be retired in multiples of $500.00 each from fifteen per cent of the net profits of the company each year.

Further allegations of the petition, omitting some of like import, all of which are based on the premise plaintiff has reason to believe and therefore alleges, are that the company was not operating under the management and control of its Board of Directors but that the chairman of the board, one Arnold S. Roberts, exercised exclusive control and had caused the Articles of Incorporation and By-laws of the company to be changed to the detriment of the company; and that such chairman was committing, or about to commit, divers other acts detrimental to the security of the bondholders, including attempts to secure loans on physical assets of the company, purchase

of an automobile, sale of trucks and discontinuance of certain bread routes.

Other allegations of such pleading are to the effect that there is no legitimate reason for obtaining substantial loans on the physical assets of the company because its cash position is presently excellent and there is no need for additional operating capital; that a debenture bondholders' committee should be authorized and established by the court to represent the debenture bondholders and assist the receiver in the proper operation of the company business; and that by reason of the facts alleged the chairman has wrongfully assumed possession and taken into his custody and control all of the assets of the company, to the detriment of the security of the plaintiff and the other bondholders.

In the prayer of the petition plaintiff asked for the appointment of a receiver, suggesting that Charles L. Emley was a proper person for such position. He further prayed that such receiver be authorized to take possession forthwith of all property of the company; that he be authorized to consult with the debenture bondholders' committee in the operation of its affairs; and that the chairman of the board be restrained from exercising any control over the operation of the company and directed forthwith to deliver to the receiver all its assets, books and records wherever located.

The petition was filed on February 27, 1958. On the same date, without having served summons or notice of any kind on defendant, the plaintiff appeared before the district court of Harvey County and after an *ex parte* hearing that tribunal granted him all the relief sought in the petition, including the appointment of a receiver with full authority to operate the company as a going business concern. Thereupon Emley filed his oath and bond in the sum of $25,000.00, the amount required by the court, conditioned that he would faithfully discharge his duties as receiver. Later, and still on the same day, he moved for, and was granted, an order directing the employment of certain accountants and attorneys to assist him in the performance of his duties as receiver. Still later, and on March 1, 1958, Emley moved for the recognition of an already formed bondholders' protective committee, including plaintiff as one of its members. The court granted this motion on the same day and issued an order authorizing the receiver to consult and confer with such committee and its counsel.

On March 3, 1958, after serving copies thereof on counsel for

the plaintiff and counsel for the receiver, defendant filed a notice of appeal with the clerk of the district court reciting that it was appealing to this court in accord with G. S. 1949, 60-1209, from the order of the district court of Harvey County, made and entered on February 27, 1958, appointing Charles L. Emley as receiver of defendant. Along with this notice it filed its appeal bond in the sum of $25,000.00, which was approved by the clerk of such court.

The record in this case discloses that the district court made an order striking the foregoing notice of appeal from the files on the very day it was filed in the clerk's office; that subsequently a Peremptory Writ of Mandamus was issued by this court in case No. 41,136, directing the court to rescind such order and the clerk of the district court to forthwith transmit the notice of appeal, and all other necessary appeal papers required by statute, to the clerk of this court so that defendant might be afforded appellate review of the *ex parte* order appointing the receiver. It may be added the trial court, as well as the clerk of the district court, promptly complied with the directions of the Peremptory Writ and that the defendant under the provisions of our statute (G. S. 1949, 60-1209 and 60-3302, *Fourth*) is entitled to that review.

Ordinarily what has been heretofore stated would suffice as a factual background for disposition of the issue involved under appellant's single specification of error, charging "The Court erred in appointing a receiver for defendant corporation where no notice of the application for such appointment had been given and where the only relief asked by plaintiff against defendant corporation was that a receiver be appointed to conduct the affairs of defendant corporation and plaintiff did not give the bond mentioned in Kansas General Statutes 1949, Sec. 60-1208." However, due to unusual circumstances, more information is required.

After the appeal reached this court the appellee filed a motion, in which Emley joined as receiver, asking for its dismissal. After a hearing this motion was denied, hence the merits of matters therein raised are no longer of consequence. Nevertheless, it is important to note, such motion establishes that after this court acquired jurisdiction of the appeal Emley actively participated as receiver and he, as well as the appellee, affirmatively asserted his right to serve, and continue to serve, in that capacity under the order from which the appeal had been perfected.

Following the ruling on the motion last mentioned, and after

some delay for which this court was not responsible, the appellant, having previously filed an abstract, filed its brief with our clerk on March 12, 1959. Shortly thereafter the cause was set for hearing on Monday, June 8, 1959. No response was made by appellee, to appellant's brief until Friday, June 5, 1959. On that date, advising the clerk they were to be considered in lieu of briefs and the right to file briefs was waived, counsel for the appellee filed eight typewritten copies of a lengthy motion, titled "No. 41,142, J. K. WEBER, *Appellee,* vs. SUTORIUS BREAD COMPANY, a Corporation, *Appellant*" (the case at bar), and "No. 41,143, J. K. WEBER, *Plaintiff,* vs. SUTORIUS BREAD COMPANY, a Corporation, *Defendant*; ARNOLD S. ROBERTS, Respondent in Contempt Proceedings, *Appellant,*" (WEBER v. SUTORIUS BREAD COMPANY, [No. 41,143, this day decided], 185 Kan. 178, 341 P. 2d 965.)

We shall not burden our reports with the disposition made of case No. 41,143, as readers of this opinion desiring information with respect thereto may obtain it by resort to the opinion in that case.

Turning to the motion filed by appellee, in the manner and form above indicated, it may be stated that, so far as applicable to this case, it refers to matters and things occurring, after perfection of the present appeal, in case No. 13,700, titled "J. K. WEBER, *Plaintiff,* vs. SUTORIUS BREAD COMPANY, a Corporation, *Defendant,*" which is still pending in the district court of Harvey County. In essence, and so far as here pertinent, contentions made in such combined motion and brief are to the effect that in case No. 13,700 amended pleadings have been filed; additional parties have been made defendants; plaintiff has filed a motion asking that the March 3, 1958, receivership be terminated which, although it has not been passed upon, will doubtless be sustained by the trial court; and that by reason of such facts and circumstances the instant appeal has become moot and should be dismissed. In fact, we have been informed, through the medium of a letter from one of appellee's counsel that, since this appeal was argued and submitted, the district court of Harvey County, on June 9, 1959, entered an order terminating the receivership in which Charles L. Emley was receiver for the reason that he is now, and for some time past has been, a nonresident of the State of Kansas

Having completed what, due to the peculiar and unusual state of the record, has been the arduous task of making the salient facts clear and understandable, we can now give attention to questions

raised by the parties which, under the confronting facts and circumstances, do not appear to present any insurmountable difficulties.

Turning to the motion to dismiss appellee contends the issues involved in this appeal are moot because (1) the receiver never took physical possession of the corporate assets of the company; (2) the appeal perfected by the appellant had the effect of staying the proceedings; (3) appellee had filed a motion in the district court to terminate the receivership; and (4) the appointed receiver is now a nonresident of the state. In an approach to these contentions it must be remembered that under provisions of our statute appellant had the right to appeal from the order appointing the receiver.

G. S. 1949, 60-3302 reads:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof or of any other court of record, except a probate court. . . . *Fourth*—An order appointing a receiver, or any order refusing to revoke, modify or change any order appointing a receiver, but a failure to appeal shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case: . . ."

G. S. 1949, 60-1209, provides:

"In all cases before any court of record, in which a receiver may be appointed, or refused, the party aggrieved may, within thirty (30) days thereafter, appeal from the order of the court, or a judge thereof, appointing or refusing to appoint, a receiver, to the supreme court, without awaiting the final determination of such cause, and in cases where a receiver shall be, or has been, appointed, upon the appellant filing an appeal bond, with sufficient surety, in such sum as may have been required of such receiver by a court or the judge thereof, conditioned for the due prosecution of such appeal and the payment of all costs or damages that may accrue to the state, or an officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal, and if such receiver shall have taken possession of any property, real or personal, the same shall be returned and surrendered over to the appellant upon the filing and approval of said bonds . . ."

Merely to read the provisions of the section of the statute last above quoted makes it apparent appellee's contentions, hereinabove designated (1) and (2), lack merit and cannot be upheld. To hold otherwise would mean that, in all cases where an immediate appeal has been perfected in conformity with 60-1209 from an order appointing a receiver, this court, upon the filing of a motion

such as is here involved, would be required to dismiss the appeal at any stage of the proceeding and thus be deprived of the appellate review authorized by the express terms of such statute. In our opinion the legislature, in enacting 60-1209, did not contemplate any such absurd result.

It may be conceded, as appellee contends, that under our decisions (citing *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113), this court has held that when it clearly appears by reason of changed circumstances between a trial of an action and its review in this court that any judgment this court render would be unavailing as to the particular issue litigated, this court ordinarily will not consider or decide the mooted issue, whether one of law or fact. Even so it does not follow the last two contentions of appellee's motion, identified as (3) and (4), warrant or require a dismissal of this appeal.

We are not disposed to here labor or discuss our many decisions dealing with the interesting subject of when an appeal may be dismissed on the ground the issues therein involved have become moot. It suffices to say we are cited to, and know of, no cases holding, and are not inclined to hold, an appeal has become moot and should be dismissed where—as here—a receiver has been appointed and his appointment has not been revoked by the appointing authority until after an appeal from the order making such appointment has been submitted to this court for final decision.

Moreover, and conceding the case presents many distinguishing features, we hold to the view that, when surveyed in their entirety, the facts and circumstances of the case at bar warrant application of the salutary principles announced in *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062, where, in refusing to uphold a motion of similar import, this court said:

". . . While a plaintiff with the discretionary sanction of the trial court may dismiss his action, that rule has certain obvious qualifications. Once a litigant has brought his adversary into court, and issues of law or of fact are raised or joined between them, the rights of the latter in the subject matter of the litigation are just as potent as those of the former. Being brought into court, he is entitled to have the controversy adjudicated to a finality, so that there may be an end of litigation. If that goal cannot be attained without an appellate review, and the procedural steps are properly taken to secure it, the further control of the litigation is in the appellate court, not in the trial court. Our civil code gives the right of appellate review from an order of the district court which 'sustains or overrules a demurrer.' (G. S. 1935, 60-3302.) That right cannot be prejudicially cut off by some strategical maneuver in the lower court. . . ." (pp. 753, 754.)

Thus we come to the all-decisive question presented by this appeal. Was the trial court's action in appointing Charles L. Emley as receiver of the appellant company, under conditions and circumstances heretofore set forth at length, erroneous?

We do not deem it necessary to here burden our reports with decisions dealing with the validity of appointments of receivers under entirely different facts and circumstances. It is enough to say we have carefully examined all contentions advanced by the parties, as well as the authorities cited in support thereof, and are convinced that the facts presented by the record bring this case squarely within the rule announced in *Stelzner v. Iron Clad Store Co.*, 123 Kan. 772, 256 Pac. 818, to which we adhere, where it is held:

"It is error to appoint a receiver for a corporation on the day the action is commenced where no notice of the application for such appointment is given and where the only relief asked by the plaintiff against the defendant corporation is that the receiver be appointed to conduct the affairs of the corporation and the plaintiff does not give the bond mentioned in R. S. 60-1208 (now G. S. 1949, 60-1208)." (Syl.)

Based on what is said and held in the case last cited, we hold that the order appealed from was erroneous and cannot be upheld. Therefore such order is reversed and set aside with directions to discharge the receiver pursuant to this court's mandate and decree.