No. 41,143

(J. K. WEBER, *Plaintiff*, v. SUTORIUS BREAD COMPANY, a corporation, *Defendant*), ARNOLD S. ROBERTS, *Respondent* in Contempt Proceedings, *Appellant*.

(341 P. 2d 965)

Opinion filed July 10, 1959.

*Emmet A. Blaes,* of Wichita, argued the cause, and *A. W. Hershberger,*
*Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones, William E.*
*Palmer, Robert Roth,* and *Harry L. Hobson,* all of Wichita, and *Alden E.*
*Branine, C. Fred Ice,* and *Arthur N. Turner,* all of Newton, were with him on
the briefs for the appellant.

*J. Rodney Stone,* of Newton, argued the cause, and *George Robb* and
*Kenneth G. Speir,* both of Newton, were with him on the briefs for the plain-
tiff, who is not concerned with the contempt order but who is appellee in case
No. 41,142, *Weber v. Sutorius Bread Company,* 185 Kan. 171, 341 P. 2d
959, this day decided.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court over-
ruling a motion by appellant (as respondent) to quash a previously
issued contempt citation finding him in contempt of court, assessing
a fine of $250.00, and sentencing him to the county jail for thirty
days or until he purged himself by complying with the court's order.

The suit originated by the filing of plaintiff's petition wherein the
appointment of a receiver was sought for the defendant corporation.
The trial court appointed a receiver and issued an order whereby
appellant, as chairman of the defendant's board of directors, ". . .
and all persons in active concert with him . . ." were restrained
and enjoined from interfering with the receiver or the control and
operation of the defendant corporation or its assets and were ordered
to forthwith deliver to the receiver all assets and property, books
and records of defendant.

A verified motion for citation was filed by the receiver (who had
accompanied the Saline county sheriff when the above order was
served on appellant in the defendant's office in Salina on February
28, 1958) requesting a court order directing appellant to appear
forthwith to show cause why he should not be adjudged in contempt
because he had stated that he did not know where the assets, books,
and records of the corporation were and he had failed and refused
to comply with the court's order. A further purpose of his appear-
ance was to require appellant to disclose the required information.
On March 1, 1958, the trial court ordered appellant, as respondent,
to appear at 10:00 a. m. on March 3, 1958, and further that service
of a certified copy of such order was to be in lieu of a formal issuance
and service of a citation upon him. This was served on appellant
on March 1, 1958.

On March 3, 1958, appellant filed a verified motion to quash show-
ing that the order of citation was made without appellant or his

attorneys having any opportunity to be present at the hearing on the motion; that appellant was not a party to the suit; that on February 28, 1958, prior to issuance of the citation, appellant's attorneys had advised the trial court they desired to be heard on any further proceedings, orders, or citations sought and had been advised by the court that a hearing as to other disputed matters on Saturday, March 1, 1958, was impossible but that such matters would be heard on March 4, 1958; and finally, it was stated that the receiver's motion for citation did not contain sufficient facts upon which appellant could be adjudged guilty of contempt. This motion was overruled by the trial court.

Appellant then moved for an order requiring the receiver to file proper accusation, which the trial court overruled and required appellant to take the stand.

At the outset of this proceeding the application for citation showed on its face that an indirect contempt of court was involved. G. S. 1949, 20-1202.) At that time there had been no accusation filed, as required by our statute, G. S. 1949, 20-1204. Possibly appellant could have waived the filing of a formal accusation but he did not do so. On the contrary, his counsel made a specific oral request to the trial court, which appears in the record, that the receiver be required to file a formal accusation, thereby giving appellant an opportunity to answer. As stated in *In re Gambrell*, 160 Kan. 620, 623, 164 P. 2d 122, these matters are jurisdictional and the absence of them renders the order void. In other words, the trial court was in error in denying appellant's requests and as a result of the hearing, the final order finding appellant in contempt of court was void and of no force and effect.

Judgment reversed.