No. 55,920

In the Interest of Charity A. and Chad H. Seelke, Children Under 18 Years of Age.

(680 P.2d 288)

Opinion filed April 27, 1984.

*Robert R. Hiller, Jr.*, of Social and Rehabilitation Services, of Wichita, argued the cause and was on the brief for the appellant.

*Margaret P. Mathewson*, of Garrity & Fletcher, P.A., of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an action to sever the parental rights of Janice Seelke to her minor children Charity and Chad Seelke.

This appeal is from the trial court's decision holding the Secretary of the Department of Social and Rehabilitation Services (SRS) in contempt of court. The basis for the contempt citation was the failure to obey the court orders of November 3, 1982, and March 11, 1983, to hold a joint meeting with the natural mother to arrive at a plan whereby the natural mother and her children could be reunited.

On November 17, 1981, the appellant, SRS, and the appellee, Janice Seelke, the natural mother, stipulated to a finding by the district court that Chad and Charity Seelke were deprived children as defined by the juvenile code of Kansas. K.S.A. 38-801 *et seq.* (since repealed). That stipulation was in response to a social worker's report that the two children had sustained injuries as a result of excessive discipline by Mrs. Seelke and her boyfriend. Pursuant to K.S.A. 38-825, the children were then committed to the care, custody and control of the Secretary of SRS. The mother was urged to participate in counseling as her "progress in coun-

seling is essential to extended visitation and the minors' return to the home."

Ten months later, on August 30, 1982, a motion for review was filed by the SRS alleging, among other things, that the mother had not provided a psychological evaluation to the court or to the SRS. The SRS requested the mother be ordered to obtain a psychological evaluation and make it available to the SRS and the court. The trial court made no specific ruling on this motion.

On November 3, 1982, the SRS motion was continued to February 10, 1983, "in order for there to be a joint meeting to work out a specific plan for the mother to follow." Meetings scheduled for December 1 and December 8, 1982, were cancelled.

On January 7, 1983, the SRS filed a motion for review and termination of parental rights which alleged the mother was an unfit parent. This motion was still pending when the briefs in this appeal were submitted.

On February 24, 1983, the court ruled on discovery motions and continued the SRS motion for termination until March 11, 1983.

On March 11, 1983, the court ordered that:

"1. The meeting between the parties, social workers and psychologists be held April 5, 1983, at 1:00 p.m.; and,

"2. counsel are to inform the court on the afternoon of the meeting of the plan or the reasons for not accepting the plan for Janice Seelke to follow."

On April 5, the scheduled meeting was held. Appellee attended with her attorney and psychologist. An SRS supervisor advised that the agency's goal was permanent placement of the children with someone other than the mother. The meeting was then adjourned by appellee's counsel. No plan was proposed by either party. Later that day, the SRS informed the trial court that a plan had not been agreed upon at the meeting.

Appellee then filed a motion to cite SRS for contempt on April 11, 1983, alleging it had failed to comply with the trial court's order to meet and discuss a plan to reunite the family. The SRS filed a motion to order a specific plan on April 12, 1983. This motion included a proposed plan for the mother to follow.

On June 15, 1983, the trial court found the SRS had acted in direct contravention of its orders of November 3, 1982, and March 11, 1983, to hold a joint meeting to openly exchange views

and attempt to arrive at a plan for the natural mother to follow. The trial court also held the Secretary of the SRS was in contempt of court. The trial judge ordered the Secretary of the SRS to pay the attorney and psychologist fees of the natural mother. A plan which had been agreed upon by the parties at the June 15, 1983, hearing was included in the trial court's order. The SRS agreed to continue the motion to terminate pending the success of the mother's rehabilitation pursuant to the plan. A motion for rehearing was filed by the Secretary on June 30, 1983. This motion was denied on July 11, 1983. Notice of appeal was filed July 14, 1983.

Appellant initially argues the trial court did not have jurisdiction to determine the indirect contempt issue due to the failure of appellee to comply with the technical requirements of the contempt statute, K.S.A. 20-1204a. This statute provides:

"(a) When an order in a civil action has been entered, the court that rendered the same may order a person alleged to be guilty of indirect contempt of such order to appear and show cause why such person should not be held in contempt if there is filed a motion requesting an order to appear and show cause which is accompanied by an affidavit specifically setting forth the facts constituting the alleged violation.

"(b) Except as provided in subsection (e), the order to appear and show cause shall be served upon the party allegedly in contempt by the sheriff or some other person appointed by the court for such purpose. Such order shall state the time and place where the person is to appear and shall be accompanied by a copy of the affidavit provided for in subsection (a). The court shall hear the matter at the time specified in the order, and upon proper showing, may extend the time so as to give the accused a reasonable opportunity to purge himself or herself of the contempt. If the court determines that a person is guilty of contempt such person shall be punished as the court shall direct."

Initially, SRS argues the failure of the motion to name a specific "person" who was in contempt is fatal to the motion. The motion names only the SRS, rather than a specific individual, as being in contempt of court. Despite this failure, the trial court in its order held the Secretary of the SRS in contempt. The Secretary had not been given notice of the proceedings. In addition, the contempt motion was unaccompanied by an affidavit as required by the statute.

Appellant's argument concerning the deficiencies in the motion is meritorious. We have held contempt proceedings founded in statute must follow the prescribed procedure and are to be strictly construed against the movant. *Pork Motel, Corp. v.*

*Kansas Dept. of Health & Environment*, 234 Kan. 374, 390, 673 P.2d 1126 (1983). However, appellee argues even though the technical requirements of the statute were not followed, appellant's attorney waived all technical deficiencies. In *Pork Motel*, while we held the statute must be strictly complied with, we also noted the accused may waive the statutory requirements. See also *State v. McPherson*, 208 Kan. 511, 493 P.2d 228 (1972); *Weber v. Sutorius Bread Company*, 185 Kan. 171, 180, 341 P.2d 959 (1959); *Butler v. Butler*, 82 Kan. 130, 133, 107 Pac. 540 (1910). We agree with the reasoning of the foregoing cases, but this case is clearly distinguishable. A citation for contempt is an action against a specific person requiring all of the due process criteria. It is well settled that a person cannot be held in contempt if he does not have knowledge of the order or notice of the proceedings. See *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 646 F.2d 800, 808 (2nd Cir. 1981); *Yates v. United States*, 316 F.2d 718, 724-25 (10th Cir. 1963). Here the record is devoid of notice. The Secretary of the SRS had no knowledge of the action or that there was such a proceeding. In addition, he had no knowledge of what attorney represented him or that he was represented. An attorney can waive only those rights he is authorized to waive by the client. The attorney in this case clearly exceeded his authority, thus rendering his waiver of the technical errors a nullity. Failure to name a specific party to whom contempt is directed and to give proper notice is jurisdictional and therefore fatal to the proceeding. The contempt citation and the order to pay attorney and psychologist fees are therefore set aside.

Since the foregoing is dispositive of the case, we will not discuss the other points raised on appeal.

The judgment of the trial court is reversed.