(721 P.2d 290)

No. 58,252

LOUISE JOHNSON, *Appellee,* v. MORRIS E. JOHNSON, *Appellant.*

Opinion filed June 19, 1986.

*John L. Hampton,* of Hampton, Hampton & Russell, of Great Bend, for appellant.

*Timothy R. Keenan,* of Keenan Law Firm, P.A., of Great Bend, for appellee.

Before BRAZIL, P.J., DAVID W. KENNEDY, District Judge, assigned, and GARY W. RULON, District Judge, assigned.

KENNEDY, J.: Morris E. Johnson appeals an order directing that he be confined in the Barton County jail until such time as he purges himself of contempt of court for failure to pay child support.

Morris and Louise Johnson were married on February 26, 1956. On February 17, 1973, Louise filed a divorce action against Morris and a divorce was granted on July 19, 1973. Custody of the minor children was awarded to Louise, and Morris was ordered to pay child support in the sum of $350.00 per month.

Morris has never made regular child support payments. On five separate occasions, Louise has filed a total of eight garnishments attempting to collect past due support payments. On only one occasion has Louise been successful in collecting past due child support through a garnishment. The answer to the most recent garnishment, January 1985, shows Morris was overdrawn in his bank account in the sum of $148.00.

Louise filed twelve separate motions for citations but only the first three were accompanied by an affidavit. None of the affidavits stated any facts; rather, they merely contained a conclusion that Morris was in violation of the court order concerning support. The last nine motions were filed without any affidavits.

Morris had a variety of experiences as a result of the motions that were filed. On one occasion the order of citation to issue was recalled, and once the motion was dismissed. On two occasions Morris was found not guilty. On three occasions there is nothing in the court file which reflects whether there was even a hearing. Several times Morris was found guilty and the judge stayed execution of sentence. The record reflects that in 1975 and 1977 Morris was sentenced to jail and sentence was carried out.

The last motion for citation was filed on December 27, 1984. Morris and Louise's youngest child had become eighteen years of age on November 18, 1984.

Morris was ordered to appear on January 18, 1985. He was found to be in contempt of court; however, sentencing was deferred for 60 days. On May 3, 1985, an order was entered finding Morris to be in contempt of court and ordering that he be incarcerated in the Barton County jail until such time as he had purged himself of contempt. Morris was not represented by counsel at either the January or May 1985 hearing.

Although not raised by Morris on appeal, we note that the fact that all of the children are adults will not defeat contempt proceedings under K.S.A. 20-1204a to enforce the payment of past due installments of court-ordered child support. *Crumpacker v. Crumpacker*, 239 Kan. 183, 718 P.2d 295 (1986).

Two issues are presented on appeal. The first is whether the district court had jurisdiction to hear a motion for indirect contempt of court if the motion is not accompanied by a supporting affidavit setting forth the specific allegations as required by K.S.A. 20-1204a. This is the first time Morris has challenged the jurisdiction of the court on this ground although, as noted above, this was the ninth motion filed by Louise without a supporting affidavit.

"The power to punish for contempt of court does not arise from statutory legislative action, but is inherent in the court itself. *In re Millington*, 24 Kan. 214 (1880)." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 390, 673 P.2d 1126 (1983). However, the procedures to be followed in a contempt of court action were codified at a very early stage in this state's history.

K.S.A. 20-1204a(a) provides:

"When an order in a civil action has been entered, the court that rendered the same may order a person alleged to be guilty of indirect contempt of such order to appear and show cause why such person should not be held in contempt if there is filed a motion requesting an order to appear and show cause which is accompanied by an affidavit specifically setting forth the facts constituting the alleged violation."

The rationale for requiring an affidavit is set forth in *Hartman v. Wolverton*, 125 Kan. 202, 205, 263 Pac. 789 (1928), where Justice Burch, speaking for the court, stated:

"Since contempt of court may be punished by fine and by imprisonment, a person charged with contempt is entitled to know the nature and cause of the accusation against him. . . . Process to bring the accused before the court must be founded on affidavit showing the contempt, except in cases not material here, and when the accused is brought before the court a written accusation setting forth succinctly and clearly the facts constituting the contempt must be filed. [Citation omitted.]"

The failure to file an affidavit with a motion for citation may deprive the trial court of jurisdiction. *Weber v. Sutorius Bread Company*, 185 Kan. 178, 341 P.2d 965 (1959); *In re Smith, Petitioner*, 52 Kan. 13, 33 Pac. 957 (1893). However, the court

will have jurisdiction if the person allegedly in contempt waived the filing of an affidavit either by filing an answer and proceeding to trial or by some other affirmative action. *State v. McPherson*, 208 Kan. 511, 518, 493 P.2d 228 (1972); *Hartman v. Wolverton*, 125 Kan. at 205; *Butler v. Butler*, 82 Kan. 130, 107 Pac. 540 (1910); *State v. Walker*, 78 Kan. 680, 97 Pac. 862 (1908). In *Walker* it was stated:

"The failure of the appellant to make any objection to the proceedings and his giving of a recognizance for his appearance waived all irregularities, if there were any, up to that time.

"It will not be presumed that the district judge acted outside his jurisdiction. If he did so the fact should have been shown.

. . . .

"The answer of the appellant to the merits waived all technical defects in the accusation." 78 Kan. at 681.

In the present case there is a long history, dating back to at least 1975, of Morris appearing in court and defending motions for citation without raising any objection to the failure of Louise to file an affidavit. Such a course of conduct serves as a waiver and the court did have jurisdiction to hear the motion.

Morris' second issue is whether an order of indirect contempt of court is void where the district court conducts the trial on the accusation of indirect contempt without preserving the testimony as required by K.S.A. 20-1205. A review of the cases and K.S.A. 20-1205 leads us to the conclusion that it is void.

There are many reasons for failing to comply with a court's orders. As stated in *Wilkinson v. Wilkinson*, 147 Kan. 485, 77 P.2d 946 (1938), it was proper for the district court to find a husband not guilty of contempt where his failure to pay was because it would have caused him hardship and the failure to pay was not willful to such a degree as to amount to contemptuous disobedience. Not being able to work or not having sufficient assets are other reasons for not paying. The test for whether or not an act is an indirect contempt of court is set out in *Threadgill v. Beard*, 225 Kan. 296, Syl. ¶ 6, 590 P.2d 1021 (1979): "Whether a particular act or omission is contemptuous depends not only upon the nature of the act itself, but upon intent, good faith, and the surrounding circumstances."

*State v. McPherson*, 208 Kan. 511, stands for the proposition that the taking of testimony and the preservation of the same is mandatory and a requisite for jurisdiction. See also *In re Gam-*

*brell,* 160 Kan. 620, 164 P.2d 122 (1945), *reh. denied* 161 Kan. 4, 165 P.2d 760 (1946). The reasons for this requirement are obvious. Without a transcript of the trial there is no way for an appellate court to exercise any meaningful review to determine whether the trial court has abused its discretion.

We find that under the facts of this case, Morris Johnson did not waive the requirements of K.S.A. 20-1205 by his prior appearances in court or his failure to request that the testimony be preserved. Since the court failed to preserve the testimony, it did not have jurisdiction over Morris. The judgment convicting him of indirect contempt is set aside and the case is remanded to the district court.

There is one additional matter that must be mentioned. While this case was on appeal, the United States Court of Appeals, Tenth Circuit, handed down its decision in *Walker v. McLain,* 768 F.2d 1181 (10th Cir. 1985), *cert denied* 474 U.S. 1061, 106 S. Ct. 805 (1986). In *Walker,* the appellant was under a court order to pay $500.00 per month in child support. He was disabled and $380.00 of his monthly payment represented the children's share of his monthly social security disability benefits. Appellant was to pay an additional $120.00 per month from his income. He never paid the additional $120.00 per month.

Appellant was found to be in indirect contempt of court and sentenced to jail for 90 days or until he purged himself of contempt. Appellant filed a habeas corpus action alleging that his incarceration was illegal because the state trial court failed to appoint counsel to represent him *or* to advise him of his right to appointed counsel. The federal district court denied the petition and on appeal the Tenth Circuit Court reversed.

The court found that:

"due process does require, at a minimum, that an indigent defendant threatened with incarceration for civil contempt for nonsupport, who can establish indigency under the normal standards for appointment of counsel in a criminal case, be appointed counsel to assist him in his defense." 768 F.2d at 1185.

The court further held, "An indigent's right to appointed counsel imposes on the court an obligation to inform him of that right." 768 F.2d at 1185.

Reversed and remanded.