(828 P.2d 949)
No. 66,591

JOHN STEVEN EVERETT, *Appellant*, v. TOPEKA CORRECTIONAL
FACILITY, KANSAS DEPARTMENT OF CORRECTIONS, *Appellee*.

Opinion filed April 3, 1992.

*Cheryl D. Myers*, of Topeka, for the appellant.

*Brian R. Johnson*, legal counsel, of Department of Corrections, of El Dorado, for the appellee.

Before BRISCOE, C.J., DAVIS, J., and RICHARD W. WAHL, District Judge Retired, assigned.

BRISCOE, C.J.: John Steven Everett appeals the district court's dismissal of his petition for review of an order of the Kansas Civil Service Board which affirmed his termination from employment with the Kansas State Reception and Diagnostic Center (SRDC). Everett also appeals from the district court's conclusion that it could not order the expenditure of state funds for preparation of

a transcript or hold a reporter in contempt for failing to provide a transcript.

After Everett petitioned the district court to review the Board's action, a dispute arose between the parties over who should pay for the transcript of the hearing before the Board. Everett was unemployed and contended he was without funds to pay for the transcript. The Department of Administration, under which the "budgeting, purchasing and related management functions of the board" are administered (K.S.A. 75-2929b), argued it had no responsibility to pay for the transcript. The court initially ordered the Department to prepare the transcript of the hearing but later stated it was without authority to order expenditure of state funds for payment of the transcript. The court also refused to hold the court reporter in contempt when she refused to prepare the transcript without prepayment. Without a transcript of the hearing, the court could not review the case on its merits. The case was ultimately dismissed for lack of prosecution.

Everett contends the district court erred in denying his request that the Department be ordered to pay the cost of a transcript from the hearing before the Board.

Under the Act for Judicial Review and Civil Enforcement of Agency Actions (K.S.A. 77-601 *et seq.*), an agency is to transmit a transcript of its record to the court within 30 days after service of the petition for judicial review. The cost of preparation of the transcript shall be paid by the appellant, unless otherwise ordered by the court. K.S.A. 77-620.

Pursuant to K.S.A. 77-602(a), the term "agency" as used in the Act refers to a state agency. A state agency includes any board "of this state which is authorized by law to administer, enforce or interpret any law of this state." K.S.A. 77-602(k). K.S.A. 75-2929d authorizes the Board to hear appeals concerning dismissal of permanent employees in the state classified service.

"The fundamental rule of statutory construction is that the intent of the legislature governs. When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Farmers State Bank of Ingalls v. Friesen*, 15 Kan. App. 2d 132, Syl. ¶ 1, 803 P.2d 1049 (1990).

This court must construe the sentence: "Unless otherwise ordered by the court, the cost of the preparation of the transcript

shall be paid by the appellant." K.S.A. 77-620(b). This sentence gives courts authority to relieve appellants of the burden of paying for transcripts. The language does not expressly preclude courts from ordering agencies to pay transcript costs. The district court erred in concluding it could not order the Department to pay the cost of producing a transcript. As the district court has the option of ordering the Department to pay the transcript costs, the court in this case abused its discretion in dismissing Everett's petition without first deciding whether the Department should pay for the transcript.

Everett also argues the district court erred in concluding it could not hold the court reporter, Nora Lyon & Associates, in indirect contempt for failing to provide a transcript prior to receipt of payment for the transcript.

K.S.A. 20-1204a(a) allows a court to order a person to appear and show cause why such person should not be held in contempt "if there is filed a motion requesting an order to appear and show cause which is accompanied by an affidavit specifically setting forth the facts constituting the alleged violation." Contempt proceedings founded in statute must follow prescribed procedures and are strictly construed against the movant. Only the accused may waive statutory requirements. *In re Seelke*, 235 Kan. 468, Syl. ¶ 1, 680 P.2d 288 (1984).

The record does not reveal that Everett filed a motion requesting an order to appear and show cause or an affidavit as required by 20-1204a(a). The district court indicated Everett's attorney requested instigation of contempt proceedings in a letter directed to the court. Everett's allegations must fail in light of his failure to comply with 20-1204a(a).

Everett contends the court's dismissal of his petition deprived him of his constitutional right to due process. "States are under no obligation to create property rights in their employees' employment through enactment of civil service legislation. However, once a state has elected to do so, due process rights attach." *Darling v. Kansas Water Office*, 245 Kan. 45, 49, 774 P.2d 941 (1989). "Basic elements of procedural due process of law are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. [Citation omitted.]" *Peck v. University Res-*

*idence Committee of Kansas State Univ.*, 248 Kan. 450, 467, 807 P.2d 652 (1991).

Our examination of the record suggests no violation of Everett's due process rights. The director of SRDC sent notice to Everett of the agency's intent to terminate his employment. Everett was provided the opportunity to meet with the director. Although Everett did not take advantage of this opportunity, he did avail himself of the right to a hearing before the Board. Everett apparently believes that due process also requires the State to pay for the transcript should he seek review of the Board's order. Although the district court may relieve an appellant of the cost of providing a transcript pursuant to 77-620(b), such relief is not mandatory to satisfy due process requirements.

Everett contends he is entitled to compensation for all attorney fees resulting from the Board's failure to provide a hearing transcript. This contention would encompass fees expended while this case was pending before the district court. The record indicates that Everett failed to request attorney fees at the district court level. Failure to raise an issue below precludes raising the issue on appeal. *Plummer Development, Inc. v. Prairie State Bank*, 248 Kan. 664, 671, 809 P.2d 1216 (1991). Everett's recently filed motion for fees and expenses expended in pursuing this appeal will be addressed in a separate ruling by this court.

Affirmed in part, reversed in part, and remanded with directions to reinstate Everett's petition for judicial review. The district court is also directed to exercise its discretion pursuant to 77-620(b) to determine whether Everett or the Department should pay the transcription costs.