NOT DESIGNATED FOR PUBLICATION

No. 118,623

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VALERIE HOLMAN,
*Appellant*,

v.

MICHAEL STAPLETON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; LINDA P. GILMORE, judge. Opinion filed October 12, 2018. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez Law Office, of Liberal, for appellant.

No appearance by appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: This appeal arises out of a Nunc Pro Tunc Journal Entry filed by the district court in a paternity action. Valerie Holman originally filed this action against Michael Stapleton in 2009. In her petition, Holman alleged that Stapleton was the father of her minor child. Stapleton acknowledged that he is the child's father and the parties entered into an agreed parenting plan. Several years later, Stapleton moved to enforce parenting time and subsequently both parties filed motions for orders to show cause alleging that the other party was in contempt of court. Ultimately, the district court denied both contempt motions. It also entered a Nunc Pro Tunc Journal Entry that Holman contends was improper. Finding no error on appeal, we affirm.

1

On November 9, 2009, Holman filed a Petition for Determination of Paternity in which she sought to establish that Stapleton is the father of her minor child. After Stapleton acknowledged paternity of the child, the parties participated in mediation and entered into an agreed parenting plan. Among other things, the parenting plan provided that the parties would have joint legal custody of their minor child, that residency of the child would be with Holman, and that the child would have parenting time with Stapleton. The parenting plan has been modified several times since 2009.

In a journal entry entered on October 8, 2013, the district court approved a modified parenting plan that included the following provision:

> "Corporal punishment of said minor child, if any at all, shall be administered only *by the mother, father, step-parent and school*, if corporal punishment is a part of their discipline system. Both parties are restrained from allowing any other person to administer corporal punishment to said minor child." (Emphasis added.)

On June 7, 2017, Stapleton filed a motion to enforce parenting time. In response, Holman argued that the minor child was no longer safe in Stapleton's home and requested that he only be allowed supervised parenting time. At a hearing held on June 16, 2017, the district court granted Stapleton's motion to enforce parenting time. No transcript from this hearing is included in the record on appeal. However, the district court's minutes from the hearing state:

> "Parties agree Petitioner would return [child] to Respondent with *agreement the stepmother would not physically discipline the minor children*; [Respondent's attorney] to prepare JE." (Emphasis added.)

In a journal entry filed on July 10, 2017, the district court ordered that Holman "shall immediately return the minor child to [Stapleton] to enjoy his remaining summer

2

parenting time." Unfortunately, the journal entry differed from the district court's minutes in that it provided that "[b]oth parties agree to not use physical discipline with the child." Evidently, the district court did not notice the difference and signed the journal entry as submitted.

A few weeks later, both parties filed motions for orders to show cause asserting that the other party was in contempt of court. On August 16, 2017, the district court held an evidentiary hearing on both of the contempt motions. After hearing the testimony of Holman, Stapleton, and Angela Hernandez—a social worker with the Kansas Department of Children and Families (DCF)—and reviewing several exhibits, the district court made the following findings on the record:

> "[T]he Court did look at the journal entry [filed on July 10, 2017] prior to the start of this hearing and reviewed my notes [from the hearing held on June 16, 2017] because once I reviewed that journal entry, it was not what I recollected from the hearing. The Court does remember that hearing. The order on that day was that the stepmother—the agreement was that the stepmother would not physically discipline the child. The Court recognizes that is not what the order says, so I can see why the confusion arose from Mr. Stapleton and quite honestly Ms. Holman as well."

The district court ordered the entry of a nunc pro tunc journal entry "to reflect what the Court actually ordered." Specifically, the district court found that the journal entry should be corrected to be consistent with the minutes from the hearing held on June 16, 2017, that "stepmother [will] not physically discipline the child." The district court also found that "both parties acted in good faith" and that neither party was in contempt of court. Instead, the district found that the actions of the parties should be viewed "in light of the erroneous journal entry."

3

It appears that the parties could not agree upon the language of the Nunc Pro Tunc Journal Entry and a motion to approve journal entry was filed by Stapleton on September 22, 2017. At a hearing held on October 13, 2017, the district court approved the Nunc Pro Tunc Journal Entry, stating that "[t]he parties agree that the child's stepparent will not use physical discipline." In approving the Nunc Pro Tunc Journal Entry, the district court found there had been a "clerical mistake" that needed to be corrected. In particular, the district court found that a nunc pro tunc order is appropriate when "an attorney types up something that wasn't ordered, that is fixing a clerical mistake." The district court also found that the Nunc Pro Tunc Journal Entry was simply journalizing the agreement of the parties entered into at the hearing held on June 16, 2017.

ANALYSIS

*Nunc Pro Tunc Journal Entry*

Holman first contends that the district court erred in issuing the Nunc Pro Tunc Journal Entry to correct the ruling made at the hearing held on June 16, 2017. Holman suggests that an abuse of discretion standard of review is applicable. However, we find that "[a]n abuse of discretion standard would be inappropriate, because a court has no discretion to disguise a revision of its judgment as a nunc pro tunc order." *In re Estate of Barfoot*, No. 92,581, 2005 WL 2254467, at *1 (Kan. App. 2005) (unpublished opinion) (citing *Wallace v. Wallace*, 214 Kan. 344, 349, 520 P.2d 1221 [1974]). Instead, this issue presents a question of statutory interpretation, which is a question of law. Accordingly, our review is unlimited. *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013).

Unfortunately, Holman's brief offers no analysis of this issue. In fact, it does not even cite the Kansas statute that permits a district court to enter an order nunc pro tunc under certain circumstances. Moreover, as shown above, Holman has failed to include a

4

transcript of the hearing held on June 16, 2017, in the record on appeal. As a result, we must attempt to piece together what happened at the hearing based on the district court's minutes, the transcript of the contempt hearing held on August 16, 2017, and the rationale offered by the district court on the record when it approved the Nunc Pro Tunc Journal Entry at the hearing held on October 13, 2017.

K.S.A. 2017 Supp. 60-260(a) provides:

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. The court may do so on motion, or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

"The purpose of a nunc pro tunc order is to provide a means of entering the actual judgment of the [district] court which for one reason or another was not properly recorded. The right to make the order is based on the failure to accurately reflect the court's decision." *Wallace*, 214 Kan. at 348-49. K.S.A. 60-260(a) is limited "to instances where the order fails to accurately reflect the judgment actually rendered." *In re Marriage of Leedy*, 279 Kan. 311, 315, 109 P.3d 1130 (2005). "A nunc pro tunc order may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission . . . which should have been, but was not, taken by the court . . . ." *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975).

A party asserting a claim on appeal bears the burden to designate facts in the record on appeal to support that claim; without such a record, we are to presume the action of the district court was proper. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 917, 416 P.3d 999 (2018). Although our task is made more difficult because of Holman's failure to include a transcript of the hearing held on June 16, 2017, we find the district

court's entry of the Nunc Pro Tunc Journal Entry to be appropriate based on the record that we are able to review. In particular, we note that the district court judge expressly stated in her minutes from the June 16 hearing that the parties agreed that "the stepmother would not physically discipline the minor children" and order that a journal entry be prepared.

We also find it to be significant that the district court judge stated on the record at the contempt hearing held on August 16, 2017, that when she "reviewed [the] journal entry, it was not what I recollected from the hearing" held on June 16, 2017. The district court judge also stated that she remembered the hearing and recalled that "the agreement was that the stepmother would not physically discipline the child." Recognizing that this is not what was reflected in the original journal entry, the district court judge ordered the entry of a nunc pro tunc journal entry "to reflect what the Court actually ordered."

Furthermore, at the time the district court judge approved the Nunc Pro Tunc Journal Entry on October 13, 2017, she specifically found there had been a "clerical mistake" that needed to be corrected. The district court judge also found that a nunc pro tunc order is appropriate when "an attorney types up something that wasn't ordered, that is fixing a clerical mistake." We agree.

Although it is unfortunate that Stapleton's counsel made the mistake in preparing the original journal entry and it is disappointing that the mistake was not caught sooner, the record on appeal supports the district court judge's conclusion that it was simply a clerical mistake in recording what she had ordered at the hearing held on June 16, 2017. In other words, the Nunc Pro Tunc Journal Entry was appropriate in this case because the original journal entry failed to accurately reflect the previous order of the district court. We find nothing in the record to suggest that the Nunc Pro Tunc Journal Entry is inaccurate or to suggest either judicial error or an enlargement of the decision originally rendered by the district court. We, therefore, conclude that the Nunc Pro Tunc Journal

6

Entry under the circumstances presented in this case was legally appropriate under K.S.A. 2017 Supp. 60-260(a) to correct a clerical mistake and to reflect accurately the district court's order.

*Effect of Provision Relating to Stepmother*

Holman next contends that "[s]ince the stepmother was not a party in this matter, the court order could not apply to her, neither could she be held in contempt for disobeying this order." Again, her brief contains little—if any—analysis or explanation of her argument. However, for the purposes of this opinion, we will assume that the district court did not have personal jurisdiction over the stepmother. Even assuming this to be true, we find that the Nunc Pro Tunc Journal Entry is binding on the parties even if it is not binding on the stepmother.

As the district court judge noted, the Nunc Pro Tunc Journal Entry simply journalizes the agreement of the parties entered into at the hearing held on June 16, 2017. The record reflects that the agreement reached by the parties was that Holman would return the minor child to Stapleton so he could exercise his summer parenting time and that his wife—the child's stepmother—would not physically discipline the minor child. We do not find such an agreement in a family law case to be unusual nor do we find it inappropriate for the district court to journalize the agreement reached by the parties.

Significantly, a review of the record on appeal reveals that the previous parenting plans agreed upon by Holman and Stapleton—and approved by the district court—also referenced stepparents as well as grandparents and school personnel in provisions relating to corporate punishment. For example, the district court entered a Journal Entry on October 8, 2013, approving a parenting plan agreed to by the parties that expressly stated that "Corporal punishment of said minor child, if any at all, shall be administered only by the mother, father, step-parent and school, if corporal punishment is a part of their

7

discipline system." Certainly, if the district court had the authority to approve an agreement between the parties permitting corporal punishment to be imposed by a stepparent, it also had the authority to approve the agreement of the parties to withdraw such permission. Thus, we find no reason to vacate the Nunc Pro Tunc Journal Entry.

*Denial of Contempt Motion*

Finally, Holman argues that because Stapleton admitted to using corporal punishment in disciplining the minor child, the district court erred in not finding him to be in contempt of court. "Courts exercise contempt powers in order to maintain decorum in all court proceedings, punish those who show disrespect for the court or its orders, and enforce its judgments." *In re J.T.R.*, 47 Kan. App. 2d 91, 94, 271 P.3d 1262 (2012). In Kansas, the district court's contempt powers are controlled by statute. *In re M.R.*, 272 Kan. 1335, 1340-41, 38 P.3d 694 (2002). Under K.S.A. 20-1202, direct contempt is "committed during the sitting of the court or of a judge at chambers, in its or his presence . . . . All others are indirect contempts." Here, we are dealing with an allegation of indirect civil contempt.

When a district court has imposed sanctions, we apply a de novo standard of review to determine whether the alleged conduct is contemptuous and we apply an abuse of discretion standard in reviewing the sanctions imposed. See *In re M.R.*, 272 Kan. at 1342. But a district court's finding that a party has not committed indirect civil contempt is reviewed for abuse of judicial discretion. *American Trust Administrators, Inc. v. Sebelius*, 267 Kan. 480, 489, 981 P.2d 248 (1999). The reason for this distinction was explained by this court in the case of *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *3 (Kan. App. 2017) (unpublished opinion):

> "Typically, a district court judge will make a contempt determination with respect to his
> or her own order. So the conclusion that a party's conduct should *not* be treated as
> contempt ought to be afforded great weight on appeal. The court issuing an order is in the

best position to say that particular conduct conforms to that order—or, more precisely, doesn't violate it in a way rising to contempt. See *Johnson v. Johnson*, 11 Kan. App. 2d 317, 320, 721 P.2d 290 (1986) . . . . Appellate deference to that call reflects an entirely justifiable approach. At the same time, an affirmative finding of contempt necessarily triggers some form of sanction. Unlimited appellate review of the grounds for the contempt shields the contemnor from a district court determination that may be rooted more in a visceral reaction (or overreaction) to conduct perceived to be disrespectful than in a studied evaluation of the circumstances."

On appeal, Holman does not argue that the district court abused its discretion in refusing to treat Stapleton's conduct as contempt. Instead, she simply rehashes her argument before the district court that Stapleton violated the original journal entry relating to the hearing held on June 16, 2017. Yet as indicated above, the district court found that the original journal entry did not accurately journalize what it had ordered at the hearing and ordered that the Nunc Pro Tunc Journal Entry be prepared to correct the mistake.

Moreover, a review of the record reveals that the district court appropriately held an evidentiary hearing on the contempt motions filed by the parties on August 16, 2017. After considering the evidence presented, the district court concluded that neither party was in contempt of court. In issuing her decision, the district court judge found that the parties had agreed "that the stepmother would not physically discipline the child" but recognized "that is not what the [initial journal entry] says, so I can see why the confusion arose from Mr. Stapleton and quite honestly Ms. Holman as well." The district court also expressly found that "both parties acted in good faith" and that their actions should be viewed "in light of the erroneous journal entry."

We do not find the district court's ruling to be an abuse of discretion. Instead, we find it to have been reasonable based on the evidence presented at the hearing. Furthermore, we do not find that the district court erred as a matter of law. Accordingly,

we affirm the district court's decision declining to hold either party in indirect civil contempt.

     Affirmed.