(661 P.2d 833)
No. 54,229

GLENDA CARLSON, *Appellant*, v. HAROLD LEE CARLSON, *Appellee*.

Opinion filed April 21, 1983.

*Robert L. Taylor,* of Hutchinson, for the appellant.

*Jay K. Bremyer* and *J. Thomas Marten,* of Bremyer & Wise, P.A., of McPherson, for the appellee.

Before REES, P.J., SPENCER and PARKS, JJ.

SPENCER, J.: Plaintiff and defendant, parents of four minor children, were divorced June 18, 1976. They have since been engaged in almost constant litigation relative to child custody and visitation rights.

Under date of February 9, 1981, the trial court, having then entered at least four orders relative to custody exclusive of the original decree, modified its order by placing custody of the children with plaintiff in this manner:

"That the children are placed in the care, custody, and control of the Plaintiff, Glenda Carlson, provided, and when and for so long as, she resides in McPherson County, Kansas; otherwise custody is placed with Defendant."

Under date of January 8, 1982, an evidentiary hearing was conducted and plaintiff was found to be in indirect contempt of an October 16, 1981, order by interfering with defendant's specified rights of visitation. As punishment, the court directed that plaintiff be confined in the McPherson County jail in the custody of the sheriff for a period of 48 hours, scheduled to be served at the rate of 12 hours per day on four specified dates. She was also ordered to pay defendant the sum of $200 for his attorney's fee incurred in that matter. An appeal bond was filed.

Under date of April 30, 1982, still another order was entered whereby, among other things, the court denied plaintiff's motion to again modify the custody order by removing the requirement that the children be maintained in McPherson County. In doing so, the court stated:

"[I]t was and still is in the best interests of the children, under all the circumstances of this case, to reside in McPherson County, where they will have the company of their father and the services available through the McPherson County District Court, and for the other reasons set forth earlier . . . ."

However, in the order of April 30, 1982, the court did modify its previous order by granting plaintiff permission to remove the children from McPherson County for summer vacations for not to exceed three weeks, conditioned on prior notice to defendant and an opportunity for defendant to make up visitation time lost during those periods. By that order, the court also found defendant was not in default of child support payments for the period of time custody of the children had been with him, this by reason of his previous order, which provided: "[C]hild support obligation shall be proportionately suspended during the time the children . . . are with him," and the authority of *Brady v. Brady,* 225 Kan. 485, 592 P.2d 865 (1979).

Plaintiff now contends that, by reason of the residency restriction contained in the last custody order, and in order for her to have custody of the children, she has been required to move her residence from the state of Arizona to McPherson County, Kansas. She contends before this court that the restriction contained in the order violates her constitutional right to travel.

While we recognize that citizens of this nation ordinarily have the constitutional right to travel from one state to another and to take up residence in the state of one's choice, we also recognize a legitimate state interest in restricting the residence of a custodial parent. As stated by this court in *Anhalt v. Fesler,* 6 Kan. App. 2d 921, Syl. ¶ 1, 636 P.2d 224 (1981):

"The same considerations which determine the custody of children are applied to the question of removal of children from the state. Of primary concern are the best interests and welfare of the children; all other issues are subordinate."

See also *Carney v. Carney,* 1 Kan. App. 2d 544, Syl. ¶ 2, 571 P.2d 56, *rev. denied* 222 Kan. 749 (1977).

The trial court found it to be in the best interests of the children, under all of the circumstances, that they reside in McPherson County. Plaintiff does not challenge that finding. Her right to travel or even to establish residence elsewhere is limited only by her desire to retain her status as the custodial parent. It is apparent that a divorced person may ordinarily move about without restraint or limitation imposed by the desires or

the wishes of a former spouse. However, as to a divorced parent to whom custody of minor children has been entrusted, such person may be required to forego or forfeit some rights to custody or visitation, as the case may be, consistent with the best interests and welfare of the children and the rights of the other parent. Such was the nature of the order entered by the trial judge. We find no abuse of discretion. See *In re Hipple,* 124 Kan. 3, 256 Pac. 1015 (1927).

Without citation of authority, plaintiff argues the restriction contained in the court order is a violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States because a similar restriction was not placed on defendant in the event he would receive custody. The equal protection clause is not violated by general rules which apply evenhandedly to all persons similarly situated. *New York Transit Authority v. Beazer,* 440 U.S. 568, 587-88, 59 L.Ed.2d 587, 99 S.Ct. 1355 (1979). Both parents are governed by the same standard, *i.e.* the best interests of the children. In applying this standard, the trial court evidently was of the opinion that custody with plaintiff should be conditioned upon her residence in McPherson County since her previous conduct suggested the desire to remove the children from that area. A similar restriction on defendant was not imposed, but then he was not made the custodian and there is no indication in the record that he may desire to move his residence from McPherson County. The order of the trial court was neither discriminatory nor a violation of the equal protection clause.

Plaintiff was found in contempt for failure to have all of the children available for visitation by defendant on two occasions. She was sentenced to serve 48 hours in the county jail and to pay defendant's attorney's fee. Plaintiff challenges the sufficiency of the evidence.

It should suffice to say that we have examined the record before us and find there was sufficient competent evidence that plaintiff had failed on the occasions cited to make all of the children available for visitation by defendant as she had been ordered to do. As was held in *Strecker v. Wilkinson,* 220 Kan. 292, Syl. ¶ 2, 552 P.2d 979 (1976):

"Judgment in a contempt proceeding rests within the sound discretion of the

trier of facts and will not be disturbed on appellate review absent a clear showing of abuse of discretion."

We find no abuse of discretion in the determination that plaintiff was guilty of contempt. However, we are concerned with the punishment imposed.

In *Goetz v. Goetz,* 181 Kan. 128, 309 P.2d 655 (1957), we find:

"A proceeding to punish plaintiff for contempt for willfully refusing to comply with an order awarding custody of minor children to plaintiff and granting to defendant visitation rights is remedial in character and intended to coerce plaintiff to comply with such order for the benefit of the defendant, and is, therefore, civil in nature and one for indirect civil contempt." Syl. ¶ 2.

"Punishment for indirect civil contempt is ordered where the party in contempt has refused to do an affirmative act required by the provisions of an order, which, either in form or in substance, is mandatory in character. In such a case, imprisonment is not inflicted as punishment but is intended to be remedial by coercing the party in contempt to do what he has refused to do, and the proper sentence is that the party in contempt stand committed unless and until he performs the affirmative act required by the court's order." Syl. ¶ 3.

"A sentence imposed in an indirect civil contempt proceeding of imprisonment for 90 days in the county jail is wholly punitive and one which may properly be imposed only in a proceeding instituted and tried as for criminal contempt." Syl. ¶ 4.

Here, as was true in *Goetz,* the jail sentence imposed upon plaintiff was unqualified and contained no provision for her release should she purge herself of contempt. It was not made possible for her to unlock the door of the county jail and to discharge herself by doing that which she had previously failed to do. There was therefore a variance between the indirect civil contempt proceedings adopted and the punishment imposed, which was a punitive sentence appropriate only for criminal contempt. *Goetz,* 181 Kan. at 139. It follows that the jail sentence imposed upon plaintiff as the result of her indirect civil contempt, as was adjudged by the court, was erroneous and must be set aside.

Finally it is argued the court erred in finding defendant was not in default of child support payments for the period of time custody of the children had been with him. This contention is without merit by reason of the order of the court which provided the child support obligation was to be proportionately suspended during the time the children were with defendant, and by reason of the authority of *Brady v. Brady,* 225 Kan. at 491.

The jail sentence imposed upon plaintiff under date of January 8, 1982, is set aside and as so modified the judgment is affirmed.