CNR INVESTMENTS, INC., Plaintiff-Appellee, *v.* THE JEFFERSON TRUST AND SAVINGS BANK OF PEORIA, Defendant—(Dean B. Rhoads, Contemnor-Appellant).

Third District   No. 82—812

Opinion filed June 30, 1983.

Dean B. Rhoads, of Sutkowski & Washkuhn Associates, of Peoria, for appellant.

Lyle W. Allen, of Heyl, Royster, Voelker & Allen, and Robert L. Burhans, both of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, CNR Investments, Inc., filed suit against the defendant, Jefferson Trust and Savings Bank, which required the trial court to interpret various contracts. The plaintiff requested various documents, and to this request the defendant objected and asserted the attorney-client privilege in support of its objection. This appeal is concerned with five documents which are identified as documents numbered 37, 41, 42, 43 and 66. These documents were subject to an *in camera* examination, after which the defendant was ordered to produce the same. The defendant's attorney, Dean B. Rhoads, refused to produce the documents and requested the trial court to find him in

contempt so as to facilitate an appeal of the trial court's order to produce. Attorney Rhoads was found to be in contempt and a fine in the amount of $100 was imposed upon him. This appeal ensued, and the sole issue presented for determination is whether the attorney-client privilege applies to any or all of the five documents, more specifically described as follows:

| Item No. | Date | Author |
|----------|------|--------|
| 37 | 9/13/72 | Lester A. Kassing |
| 41 | 9/25/74 | Unknown |
| 42 | 9/26/74 | R. Pratt |
| 43 | 9/27/74 | Unknown |
| 66 | 8/6/79 | John McGrath C.P.A. |

The attorney-client privilege has been defined by this court as protecting:

"communications made by a client to an attorney under the following circumstances: (1) where legal advice of any kind is sought from an attorney in his capacity as such, (2) the communications relating to that purpose, (3) made in confidence by the client, (4) are at his instance permanently protected from disclosure by the client or the attorney, (5) unless that protection is waived. [Citation.] The person asserting the privilege has the burden of proving its existence. [Citation.]" *Nieukirk v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 109, 112, 423 N.E.2d 1259, 1261.

The defendant, Jefferson Trust, who claims the attorney-client privilege, is a corporation. Being a corporation, certain requirements must be met before the privilege is applicable. In our State the privilege applies to those employees within the "control group" of the corporation. The control group is defined as those top management persons who have the responsibility of making final decisions and those employees whose advisory roles to top management are such that a decision would not normally be made without those persons' advice or opinions and whose opinions in fact form the basis of any final decision. *Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103, 432 N.E.2d 250.

Attention is first directed to document No. 41. As previously noted, this document was authored by some person whose identity is unknown. An examination of it and the record fails to disclose that it was prepared by an attorney, directed to an attorney or prepared as a

memorandum of information or advice received from an attorney. The document stands alone unsupported by any testimony or affidavit from which one could conclude that it was prepared in confidence. It meets none of the criteria which trigger the attorney-client privilege.

■■ The author of document No. 43 is also unknown. The defendant bank, however, claims that it is exempted from disclosure because of the attorney-client privilege since it recites a conversation with the attorney for the bank. The document does refer to a conversation with the defendant bank's attorney; however, again we have a document unsupported by any evidence of its confidentiality or that the unknown author was an employee of the bank or a member of its control group as required by the *Consolidation Coal Co.* case.

■■ Document No. 42 is authored by R. R. Pratt; however, the status of Pratt is unknown. It would be logical to presume that he is or was an employee of the bank, yet presumptions are not sufficient to invoke the attorney-client privilege. Again a situation is presented where there is no evidence as to whether the author was a member of the "control group" of the bank. The document does state, "Ed Somner [attorney for the defendant bank] has promised me a response by Friday to our questions regarding ***." The remainder of the document according to the author's opening remarks was obtained from his own research and from discussions with a realty company. We cannot read or interpret the document so as to conclude that its contents emanated from an attorney.

■■ Document No. 66 is correspondence directed to Mr. Kassing, president of the defendant bank, from a certified public accountant. An examination of the document discloses that it does not impart any legal advice but instead contains the accountant's views concerning matters of financial disclosure. The attorney-client privilege is restricted to confidential legal advice from a lawyer. If the advice sought is that from an accountant rather than from a lawyer there is no privilege. *United States v. Gurtner* (9th Cir. 1973), 474 F.2d 297; *United States v. Kovel* (2d Cir. 1961), 296 F.2d 918.

■■ ■ Lastly, we direct our attention to document No. 37. This document was prepared by Lester A. Kassing, who was president of the defendant bank. Mr. Kassing, in support of the claim that the document is privileged, executed an affidavit in which it is averred that the document is a memorandum of his understanding resulting from consultation and advice he received from Mr. Somner, the bank's attorney, and that the consultation with the attorney concerned matters which are now the subject of this litigation.

An examination of the document and the supporting affidavit of

Kassing discloses that there is no indication as to whom the memorandum was directed. There is no claim that it was directed only to members of the control group of the defendant bank or that it was prepared with the intent that the same should be confidential. Of even greater import is that after examining the memorandum one can only conclude that it is not a record of legal advice received from an attorney but is an itemization of options available to the bank in regard to the real estate which is the subject of this litigation. The attorney-client privilege of confidentiality does not apply to documents discussing business advice instead of legal advice. *Barr Marine Products Co. v. Borg-Warner Corp.* (E.D. Pa. 1979), 84 F.R.D. 631.

██ The burden of showing facts which give rise to an attorney-client privilege rests on the one who claims the privilege. The claimant must show certain threshold requirements in order to avail itself of the privilege, including a showing that the communication originated in confidence and that it was not disclosed except to certain authorized parties, *i.e.*, the "control group" of a corporation. *Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103, 432 N.E.2d 250.

For the reasons stated we affirm the trial court's orders relating to discovery. The documents in question are not privileged and as ordered by the trial court they should be disclosed. This court, however, does determine that the trial court's order finding the contemnor-appellant, attorney Dean B. Rhoads, should be vacated. The conduct of attorney Rhoads was not contemptuous in that the court was held in disdain or subjected to scorn. The contempt order was entered at attorney Rhoads' request since it was the proper procedure to follow in order to test on appeal the trial court's discovery orders. The trial court is directed to vacate such order.

Affirmed, but remanded with directions.

STOUDER, P.J., and BARRY, J., concur.