(861 P.2d 1378)
No. 68,218

In the Matter of the Conservatorship of MICHAEL L. McROY and MIA L. McROY, Minors.

Opinion filed November 5, 1993.

*Mary Catherine Jackson*, appellant pro se.

No appearance by appellee.

Before BRISCOE, C.J., GERNON, J., and RICHARD B. WALKER, District Judge, assigned.

WALKER, J.: Mary Catherine Jackson appeals the district court's order finding her to be in contempt of court and sentencing her to 30 days in jail.

On December 31, 1986, Jackson was appointed to serve as conservator for Michael and Mia McRoy. Jackson is the natural mother of both Michael and Mia and is admitted to practice law in Kansas. The order appointing Jackson as conservator required her to make an annual accounting for the 12-month period ending

December 31 of each year. The order further required Jackson to file a $29,000 bond. The district court subsequently ordered an increase in the bond after the 1988 accounting revealed an increase in the amount of money held by Jackson in her capacity as conservator.

In October 1991, the surety of Jackson's bond filed a petition requesting the court's permission to contact various banks in order to learn if Jackson still held the assets of the conservatorship at those institutions. The surety's petition indicated that Jackson had failed to file an accounting with the court for the year ending December 31, 1990. The district court subsequently granted the surety's petition. The record on appeal provides no indication of the results of the surety's inquiry.

In an order filed January 13, 1992, the district court set a hearing for February 5, 1992, for the purpose of reviewing the status of Michael and Mia's conservatorship. The order required Jackson's appearance at the hearing. The district court instructed the district court clerk to mail a copy of the order to both Jackson and the local agent of the bond surety. When Jackson failed to appear for the scheduled hearing, the court issued a citation for her to appear and show cause why she should not be removed as conservator for Michael and Mia.

On March 3, 1992, Jackson appeared for a hearing on the citation. At the hearing, the district court found Jackson to be in contempt for failing to supply copies of the bank statements which would disclose the amount of the assets held in the conservatorship. The court sentenced Jackson to 30 days in the county jail but stayed the sentence until March 17, 1992, to provide her additional time to "file all accountings in this matter." On March 17, 1992, Jackson filed a notice of appeal from the court's contempt order, and the court set an appeal bond in the amount of $10,000, which Jackson posted on June 10, 1992. On June 29, 1992, this court stayed the execution of the sentence imposed by the district court pending the outcome of Jackson's appeal.

Jackson raises several issues on appeal, including whether an order of contempt is void where the district court makes the finding of contempt without preserving any of the testimony upon

which the court bases its decision. We find this issue to be dispositive.

A judgment of contempt rests within the sound discretion of the trier of facts and will not be disturbed on appeal absent a clear showing of abuse of discretion. *Johnson v. Johnson,* 11 Kan. App. 2d 317, Syl. ¶ 3, 721 P.2d 290 (1986). Whether a particular act or omission is contemptuous depends upon the nature of the act or omission as well as all surrounding circumstances, including the intent and good faith of the party charged with contempt. *Threadgill v. Beard,* 225 Kan. 296, 304, 590 P.2d 1021 (1979). On appeal from a conviction of contempt, the appellate court examines the acts or omissions of the person convicted and determines anew if such conduct is sufficient to constitute contempt. See *State v. Pondexter,* 225 Kan. 425, 429, 590 P.2d 1074 (1979). To help facilitate appellate review, K.S.A. 20-1205 provides in part that "[t]he testimony taken on the trial of any accusation of contempt shall be preserved."

In *Johnson,* 11 Kan. App. 2d at 320-21, this court observed:

"[T]he taking of testimony and the preservation of the same is mandatory and a requisite for jurisdiction [in contempt proceedings]. [Citation omitted.] The reasons for this requirement are obvious. Without a transcript of the trial there is no way for an appellate court to exercise any meaningful review to determine whether the trial court has abused its discretion."

Here, the district court's journal entry indicated that it found Jackson to be in contempt "after brief discussion." The proceedings to which the court refers were not transcribed, however, leaving us with no means of evaluating whether the court's finding of contempt and the resulting punishment constituted an abuse of discretion.

Jackson is either unable or unwilling to account for the funds that she holds in her capacity as conservator. The record before this court does not indicate which is the case. Based on the failure to preserve a record of the March 3, 1992, hearing, we conclude that the court was without jurisdiction to enter a finding of contempt. This alone requires us to reverse the case and remand for further proceedings.

While not raised by Jackson, there is another reason why the contempt penalty imposed by the court is facially defective. Even assuming an adequate record would disclose that the district court

had a proper basis for citing Jackson in contempt, the sentence of 30 days in jail is clearly an improper punishment.

In *Carlson v. Carlson*, 8 Kan. App. 2d 564, Syl. ¶ 6, 661 P.2d 833 (1983), this court stated:

"Punishment for indirect civil contempt is ordered where the party in contempt has refused to do an affirmative act required by the provisions of an order which, either in form or in substance, is mandatory in character. In such a case, imprisonment is not inflicted as punishment but is intended to be remedial by coercing the party in contempt to do what such party has refused to do, and the proper sentence is that the party in contempt stands committed unless and until the affirmative act required by the court's order is performed."

See *Goetz v. Goetz*, 181 Kan. 128, 309 P.2d 655 (1957).

The *Carlson* court vacated a 48-hour jail sentence for indirect civil contempt, which was to be served at 12 hours per day on 4 separate dates, finding it to be wholly punitive. Such a sentence is available only for criminal contempt, not for indirect civil contempt.

Here, as in *Carlson* and *Goetz*, the jail sentence imposed upon Jackson was unqualified and contained no provision for her release if she complied with the court's order to submit all required accountings in the conservatorship. Under a flat sentence, there is no possibility for release if the contempt is purged. In all indirect civil contempt cases, the contemnor must be permitted to unlock the door of the county jail and discharge herself by doing what she has previously failed to do. Since a 30-day sentence does not permit this, it follows that the jail sentence was entirely punitive. It was, therefore, erroneous and must be set aside.

Our decision in this case should not be construed in any way as restricting the powers of the district court in regulating the activities of conservators, so long as procedural safeguards are observed. A district court handling probate proceedings has broad statutory powers of supervision. "A conservator shall be subject to the control and direction of the court at all times and in all things." K.S.A. 1992 Supp. 59-3019.

Our legislature has granted numerous powers to the district court to use in overseeing conservatorship estates. These include the power to remove the conservator and reduce or forfeit the

conservator's compensation when there has been a breach of duties. K.S.A. 59-1711. This could certainly include failure to supply accountings and otherwise comply with the supervisory orders of the court.

Where appropriate, the court may, after adequate notice, appoint a successor conservator. K.S.A. 1992 Supp. 59-3014(e). It may compel any person alleged to have concealed, converted, embezzled, or disposed of any property potentially belonging to a conservatee to appear so that a disclosure proceeding may be conducted. K.S.A. 1992 Supp. 59-2216.

Special provisions apply to the district court's review of a conservator's accountings. Every conservator must present an annual accounting to the court, and any interested party or the court may require a hearing. K.S.A. 1992 Supp. 59-3029; K.S.A. 1992 Supp. 59-3030. If a hearing is conducted, unless the court determines otherwise, "the conservator shall . . . be examined. The conservator shall produce for examination by the court . . . evidence of balances on deposit and investments reported in the accounting which shall be described in such account in sufficient detail so that they may be identified." K.S.A. 1992 Supp. 59-3031. In order to protect itself on the bond, a conservator's surety may take over and perform the accounting duties to the court if the conservator fails to do so. K.S.A. 1992 Supp. 59-3029(b).

Since the adoption in 1983 of the statute mandating periodic review of conservatorships, K.S.A. 1992 Supp. 59-3035, the district court not only has the right but has an affirmative duty and obligation to carefully scrutinize the activities of the conservator and to make corrective orders when necessary.

As part of any of these review processes, a district court has clear authority to use its contempt powers to compel compliance with its orders. A district court can and should resort to contempt citations in conservatorship cases where repeated requests for compliance with its orders are unavailing. But in doing so, it must scrupulously follow the procedures for indirect contempt and must keep a record which is reviewable.

Despite the fact that Jackson is the parent of Michael and Mia and a member of the bar, she still was under a fiduciary duty to her children to properly handle the financial affairs of the

conservatorship. She was obligated, both by her oath as a conservator and as an officer of the court, to respond to the court's orders that she file her accountings. Independent of the merits of the contempt issue, in our opinion sufficient facts appear in the record which would have justified the court in removing Jackson as conservator, regardless of whether her repeated failure to account was willful.

The decision of the district court finding Jackson in contempt and sentencing her to 30 days in jail is reversed, and the case is remanded for further proceedings consistent with this decision.

Reversed and remanded.