(884 P.2d 755)

No. 71,771

STATE OF KANSAS, *Appellee*, v. DAVID L. WILLIAMS, *Defendant*.

JILLIAN T. WAESCHE and GEORGINA ADAMI, *Respondents in Contempt Proceedings/Appellants*.

Opinion filed November 23, 1994.

*Judith E. Reed*, assistant public defender, for appellants.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., RULON, J., and DAVID F. BREWSTER, District Judge, assigned.

RULON, J.: Jillian T. Waesche and Georgina Adami appeal from a contempt citation. We reverse and remand with directions.

The facts are essentially undisputed and are as follows:

On July 27, 1993, the State charged defendant, David Williams, with numerous offenses, including first-degree murder and rape. Acting Chief Public Defender Jillian T. Waesche and Assistant Public Defender Georgina Adami, appellants, represented Williams. On February 14, 1994, the defense filed a notice of intent to use an insanity plea. The public defender's office scheduled and paid for a psychiatric examination of defendant. The State filed a motion to compel discovery of the report from the psychiatric examination. The State claims K.S.A. 1993 Supp. 22-3219 required the release of this psychiatric report.

Appellants refused to release the report to the State because the district court had not ordered the examination. Appellants also claimed the State's request was premature because the defense had not decided whether to raise an insanity defense. The district court ordered the defense to make the report available by May 4, 1994.

Ultimately, the defense withdrew its notice of intent to use the insanity plea. On May 4, 1994, appellants notified the district court that an insanity defense would not be presented. Defense counsel requested that the court vacate its order to produce the psychiatric report. A hearing was held, and the district court ordered the report produced "whether it's going to be used to not." Appellants refused to comply.

During an off-the-record discussion, the district court and the State agreed the order to produce would be satisfied if appellants turned the report over to the court. Appellants refused to produce the report. The court found each appellant guilty of direct contempt and ordered the public defender's office to pay $25 per day per attorney until the report was produced.

## STANDARD OF REVIEW

Appellants argue this contempt finding should be set aside because the underlying court order to produce the report was erroneous. Specifically, appellants contend that a general discovery

provision, K.S.A. 1993 Supp. 22-3212(c), applied after the insanity defense was withdrawn.

The standard of review for an order of contempt is abuse of discretion. *In re Conservatorship of McRoy*, 19 Kan. App. 2d 31, 33, 861 P.2d 1378 (1993). The appellate court reviews the record to determine if the district court's exercise of discretion constituted reversible error. *Edmiston v. First Nat'l Bank of Holcomb*, 242 Kan. 13, 15, 744 P.2d 829 (1987); *Electronic Realty Assocs., Inc. v. Gomez*, 18 Kan. App. 2d 122, Syl. ¶ 1, 848 P.2d 458 (1993). Appellate review focuses on whether the facts of the case show conduct that constitutes contempt. *State v. Pondexter*, 225 Kan. 425, 429, 590 P.2d 1074 (1979). Transcripts from contempt hearings should be preserved in order to facilitate comprehensive review of the circumstances surrounding a contempt order. See *Johnson v. Johnson*, 11 Kan. App. 2d 317, 320-21, 721 P.2d 290 (1986).

"Whether a particular act or omission is contemptuous depends upon the nature of the act or omission as well as all surrounding circumstances, *including the intent and good faith of the party charged with contempt.*" (Emphasis added.) 19 Kan. App. 2d at 33 (citing *Threadgill v. Beard*, 225 Kan. 296, 304, 590 P.2d 1021 [1979]).

### VALIDITY OF PRODUCTION ORDER

Contemptuous conduct is that which obstructs or tends to obstruct the administration of justice. 225 Kan. at 429 (citing *In re Sanborn*, 208 Kan. 4, 14-15, 490 P.2d 598 [1971]). Direct contempt occurs in the presence of the judge or during the sitting of the court. See K.S.A. 20-1202. Generally, if the contempt in question is a violation of an order made for the benefit or advantage of another party, the contempt will be considered civil. *Electronic Realty Assocs., Inc. v. Gomez*, 18 Kan. App. 2d at 125. Here, appellants refused to follow an order to produce made by the trial judge in open court.

The actions of appellants are not disputed. The question is whether the refusal to comply with the district court order can be excused by the circumstances surrounding the order to pro-

duce the report. Appellants' primary argument is that the district court's order to produce was erroneous. Our Supreme Court, however, has held a valid contempt order can be based upon failure to obey an erroneous order:

"Even if a court issues an erroneous order, the parties to the litigation must obey the order when it was within the court's jurisdiction, and, for the sake of orderly administration of justice, any disobedience with that order may be punished as contempt." *Koch Engineering Co. v. Faulconer*, 227 Kan. 813, 329-30, 610 P.2d 1094 (1980) (citing *Small v. Small*, 195 Kan. 531, 534, 407 P.2d 491 [1965]).

Generally, the appropriate method for challenging the validity of a court order is to challenge the order by moving the court to set it aside. See, *e.g.*, *State, ex rel., v. Engler*, 181 Kan. 1040, Syl. ¶ 2, 317 P.2d 432 (1957).

Despite the above-noted general rule, our Supreme Court has indicated a willingness to review the merits of an order to produce underlying a contempt citation. See *In re Pennington*, 224 Kan. 573, 581 P.2d 812 (1978), *cert. denied* 440 U.S. 929 (1979). In *Pennington*, a newspaper reporter refused to disclose the identity of a confidential source who provided information relevant to the defense in a first-degree murder trial. The district court found the reporter in contempt because the information was not protected by any interpretation of constitutional privilege. Pennington appealed and argued that the district court's order should be reversed and the contempt citation vacated. 224 Kan. at 574.

In *Pennington*, this court and our Supreme Court reviewed the district court's ruling on a claim of constitutional privilege. The Supreme Court discussed and specifically affirmed the lower court's ruling as to the relevance of the information ordered to be produced. 224 Kan. at 577; see *In re Pennington*, 1 Kan. App. 2d 682, 573 P.2d 1099 (1977) (summarily affirming the trial court's order). Our Supreme Court indicated the contempt citation was valid because Pennington voluntarily refused to comply with a district court order. 224 Kan. at 578.

The United States Supreme Court has recognized the general validity of a contempt citation based upon an erroneous order. See *Maness v. Meyers*, 419 U.S. 449, 459, 42 L. Ed. 2d 574, 95

S. Ct. 584 (1975). The *Maness* Court however, created an exception to the stated general rule. In *Maness*, an attorney advised his client not to comply with an order to produce documents in a civil case. The attorney believed, in good faith, that the materials (pornographic magazines) would incriminate his client. 419 U.S. at 458. The trial judge found both the attorney and client guilty of contempt. The Court held it was necessary to evaluate the underlying discovery order because the Fifth Amendment's protection against self-incrimination was involved. 419 U.S. at 461.

The *Maness* Court decided that pre-compliance review was appropriate because adherence to the challenged order could have caused "irreparable injury because appellate courts cannot always 'unring the bell' once the information has been released." 419 U.S. at 460. The *Maness* Court reversed the challenged contempt citation, stating:

"[I]t appears that there was no avenue other than assertion of the privilege, with the risk of contempt, that would have provided assurance of appellate review in advance of surrendering the magazines. We are satisfied that petitioner properly performed his duties as an advocate here, and he cannot suffer any penalty for performing such duties in good faith." 419 U.S. at 470.

The exception crafted in *Maness* has been expanded by the Illinois state courts to create a clear rule for evaluating contempt citations arising from discovery orders. Consequently, in Illinois, refusal to comply at the risk of a contempt citation is an acceptable method for challenging the validity of a discovery order. See, *e.g.*, *CNR Invest. v. Jefferson Tr. & Sav. Bank*, 115 Ill. App. 3d 1071, Syl. ¶ 8, 451 N.E.2d 580 (1983). If the underlying order is erroneous, the appellate court vacates the contempt citation. *Anderson v. St. Mary's Hospital*, 101 Ill. App. 3d 596, 530, 428 N.E.2d 528 528 (1981).

Appellants argue the order here to produce the report in question violated the defendant's Fifth Amendment protection against self-incrimination. We are convinced the United States Supreme Court's decision in *Maness* supports our appellate review of the challenged production order.

Here, the district court held that K.S.A. 1993 Supp. 22-3219 required the defense to produce the psychiatric report. We must

decide if the district court's interpretation of the statute was correct. Statutory interpretation is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). Appellate review of a question of law is unlimited. See *Hillman v. Colonial Penn Ins. Co.*, 19 Kan. App. 2d 375, 376, 869 P.2d 248 (1994).

K.S.A. 1993 Supp. 22-3219(1) prohibits the introduction of evidence of a mental disease that legally excuses criminal culpability unless a defendant files a timely notice of intent to raise an insanity defense. K.S.A. 1993 Supp. 22-3219(2) states:

"A defendant who files a notice of intention to assert the defense of insanity . . . thereby submits and consents to abide by such further orders as the court may make requiring the mental examination of the defendant and designating the place of examination and the physician or licensed psychologist by whom such examination shall be made. No order of the court respecting a mental examination shall preclude the defendant from procuring at such defendant's own expense an examination by a physician or licensed psychologist of such defendant's own choosing. . . . A report of *each* mental examination of the defendant shall be filed in the court and copies thereof shall be supplied to the defendant and the prosecuting attorney." (Emphasis added.)

Two rules of statutory construction are particularly applicable in our review. First, Kansas courts recognize a duty to give effect to the plain and unambiguous language of a statute. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994). Second, the courts are to presume the legislature intended that a statute be given a reasonable construction in order to prevent unreasonable consequences. *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

Here, appellants argue that K.S.A. 1993 Supp. 22-3219(2) does not require production of a report obtained independently by the defense after filing notice under K.S.A. 1993 Supp. 22-3219(1). Additionally, appellants argue this statute does not apply after the insanity defense has been withdrawn.

Appellants' first argument is unpersuasive. The plain language of K.S.A. 1993 Supp. 22-3219(2) requires psychiatric reports to be furnished to the court and the opposing party when such reports are made after the filing of a notice of intent to plead insanity. The statute does not distinguish psychiatric exams ordered by the court from those ordered by the defense or prosecution; "each" report must be made available. K.S.A. 1993 Supp. 22-

3219(2). The district court acted correctly when the court initially ordered the defense to furnish the psychiatric report.

The district court erred, however, when it refused to reconsider the production order after defense counsel withdrew the notice of intent to plead insanity. K.S.A. 1993 Supp. 22-3219(1) *prohibits* admission of any evidence concerning an insanity defense unless a notice of intent to plead insanity has been timely filed or accepted by the court. After appellants withdrew defendant's insanity notice, they became estopped from attacking the presumption of sanity surrounding defendant. K.S.A. 1993 Supp. 22-3219 no longer controlled the discovery of defendant's psychiatric report after defendant's notice of intent to plead insanity was withdrawn.

The spirit of a statute and the purpose to be accomplished by a statute are relevant factors when reviewing the construction of a statute. *State v. Gonzales*, 255 Kan. at 249. The clear purpose of K.S.A. 1993 Supp. 22-3219(2) is to provide the State and defense equal and adequate access to psychiatric information that serves as the foundation for an insanity defense. Absent an insanity defense, the access mandated by K.S.A. 1993 Supp. 22-3219 is no longer justified.

The State asserts that the report was once discoverable and should remain discoverable despite the withdrawal of the insanity defense. Criminal statutes are construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). Once the insanity defense was withdrawn, K.S.A. 1993 Supp. 22-3212(c), the general discovery statute for criminal actions, became applicable. That statute states that the criminal defense must permit State inspection of any medical reports, scientific reports, and other documents which the defendant intends to produce at trial, and which are material to the case and not unreasonably burdensome to the defense.

Appellants advised the district court that the psychiatric report would not be offered at trial and the examining physician would not testify. Moreover, the defense could only raise the issue of insanity upon filing and acceptance by the court of another notice of intent to plead insanity. Under the provisions of K.S.A. 1993

Supp. 22-3212(c), defendant's psychiatric report was not discoverable by the State.

Defense counsel's withdrawal of its notice of intent to plead insanity terminated the need to satisfy the requirements of K.S.A. 1993 Supp. 22-3219. The discovery rules expressed by K.S.A. 1993 Supp. 22-3212(c) were applicable to the State's motion to compel discovery of defendant's psychiatric report. The district court erred by ordering appellants to produce the report. Under the facts shown, appellants' refusal to comply was based on a good faith belief that the district court's erroneous order would violate constitutional protections guaranteed a criminal defendant. Consequently, appellants' contemptuous actions are excusable. See *Maness*, 419 U.S. at 470.

In light of the above, we need not reach other issues presented.

We reverse the district court's finding of contempt and remand the cause with directions that the district court vacate the contempt citation forthwith.