(920 P.2d 475)
No. 74,994

STATE OF KANSAS, *Appellee*, v. MICHAEL L. DAVENPORT, *Appellant*.

Opinion filed July 26, 1996.

*J. Richard Lake*, of Holton, for appellant.

*E. Bernard Hurd* and *Michelle V. Hostetler*, assistant district attorneys, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., GERNON and ROYSE, JJ.

GERNON, J.: Michael L. Davenport appeals the district court's refusal to allow jail time credit on his previously imposed sentence for time spent imprisoned for civil contempt.

Davenport was originally charged with first-degree murder and aggravated robbery. As part of a plea bargain, he pled guilty to second-degree murder and received a sentence mandated by the Kansas Sentencing Guidelines Act of 68 months in the custody of the Secretary of Corrections.

A material component of the plea bargain was Davenport's agreement to testify at other hearings or trials concerning the events and participants surrounding the murder.

Davenport was requested to testify at the preliminary hearing of Devonshay Bregettcy on November 23, 1994. He refused to testify and tried to invoke his Fifth Amendment protections, despite the fact that he had already been sentenced pursuant to the plea bargain. He also asked to have counsel appointed. The hearing was continued.

On January 18, 1995, the hearing was reconvened, and Davenport, while not asserting his Fifth Amendment rights, still refused to testify. A district court judge ordered Davenport to testify and, when he still refused, found him in direct contempt and ordered him imprisoned until such time as he agreed to testify or died, whichever came first.

The sole question on appeal is whether Davenport should receive credit on his original sentence for any time served on the contempt citation. We conclude he should not and affirm.

K.S.A. 20-1203 authorizes a district court to find persons in direct contempt of court. This authority is not only found in statute but has deep historic roots.

" 'Independent of authority granted by statute, courts of record of superior jurisdiction [district courts in Kansas], whether civil or criminal, possess inherent power to punish for contempt of court. Such power is essential to the due administration of justice, and the legislature can not take it away or abridge it, although it may regulate its use. Statutes conferring the power are simply declaratory of the common law.' " *State v. Marshall*, 95 Kan. 628 (1915) (quoting 9 Cyc. 26).

Our standard of review for an order of contempt is whether the trial court abused its discretion. *State v. Williams*, 20 Kan. App. 2d 185, 187, 884 P.2d 755 (1994).

Here, Davenport does not suggest that he is not in contempt but simply contends that he should be given credit on his original sentence for the contempt sentence.

Jail time credit is permitted only for the time a defendant is held in custody on those charges for which the sentence was imposed. See *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978); *State v. Thorn*, 1 Kan. App. 2d 460, 461-62, 570 P.2d 1100 (1977).

Several federal and state courts have addressed this very argument and have upheld the interruption of sentences to impose civil

contempt penalties. See, *e.g.*, *In re Garmon*, 572 F.2d 1373, 1374-76 (9th Cir. 1978) (recognizing the circuits which have addressed this issue and noting "that there exists no common law rule against the interruption of a prison sentence as a result of the imposition of a contempt penalty"); *United States v. Mitchell*, 556 F.2d 371, 382-85 (6th Cir.), *cert. denied* 434 U.S. 925 (1977); *Anglin v. Johnston*, 504 F.2d 1165, 1167-69 (7th Cir. 1974), *cert. denied* 420 U.S. 962 (1975); *Ramos v. U.S.*, 569 A.2d 158, 161 (D.C. 1990) (citing cases); and *People v. Sanders*, 115 Ill. App. 3d 364, 366-67, 450 N.E.2d 896, *appeal denied* 96 Ill. 2d 548 (1983). These courts further emphasize that allowing a defendant to credit the time served in contempt against the criminal sentence would remove all incentives to comply with the court's order.

Civil contempt is a coercive remedy, the sole purpose of which is to compel a party into providing information pursuant to court order. See *Electronic Realty Assocs., Inc. v. Gomez*, 18 Kan. App. 2d 122, 125, 848 P.2d 458 (1993).

"The power to punish for contempt of court does not arise from legislative action, but is inherent in the court itself." *Cyr v. Cyr*, 249 Kan. 94, 99, 815 P.2d 97 (1991).

Here, Davenport can mitigate his circumstances on a moment's notice by agreeing to testify. His conduct carries with it the consequences of continued incarceration for contempt or the opportunity to begin serving his original sentence.

Orders of contempt are necessary to maintain the dignity of, the respect toward, and the power of the courts, their orders, and their decrees. To suggest that anything less is acceptable is to invite disrespect, noncompliance, and, eventually, serious damage to the fabric of our system of justice. To hold otherwise is to invite the disregard of orders and render any punishment for such disregard meaningless.

Affirmed.