NOT DESIGNATED FOR PUBLICATION

No. 115,474

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
PATRICK THOMAS NEMEC,
*Appellee*,

and

CHRISTY MICHELLE NEMEC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Stafford District Court; STEVEN E. JOHNSON, judge. Opinion filed October 14, 2016. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Julie A. Carroll*, of Dennis J. Keenan, Attorney at Law P.A., of Great Bend, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Christy Michelle Nemec appeals the district court's decision her move to Pratt would terminate the shared residential custody order resulting in Patrick Thomas Nemec becoming the residential custodial parent. We find the district court did not abuse its discretion, and we affirm.

FACTS

Patrick and Christy are the natural parents of three minor children ranging in ages from 6 to 14 years old. Patrick currently resides in St. John, Christy now lives in St. John,

1

and the children attend St. John schools. Following their divorce in 2013, the district court granted Patrick and Christy shared residential custody on a week-to-week basis. The journal entry and decree of divorce states, "as long as the parties are residing in the same community and the children can attend the same school district without difficulty, they shall have a shared custody arrangement." However, the district court's order explicitly stated that if Christy moved outside of the St. John school district Patrick would have residential custody of the children and Christy would have parenting time as set out in the 20th Judicial District Court's guidelines.

In its order of June 6, 2013, the district court clarified that Christy did not have to live in St. John, but "[i]t is anticipated that [Christy] will live within a reasonable distance from St. John so that the parties' children can continue to attend St. Johns schools." The district court later indicated Christy could move to Stafford which is approximately 12.5 miles from St. John and within the St. John school district. The district court stated a move to Stafford would be equal to or greater than the furthest move it had ever approved under a shared residential custody arrangement. Under the arrangement, Christy and Patrick alternate custody weekly. On the weeks the one parent has the children in his or her care, the other has parenting time on Monday and Wednesday evenings from 5 to 8 p.m. Patrick lives in their former marital home, has remarried, and lives with his wife and her two children from a previous marriage.

Christy rents a four-bedroom home in St. John. She planned to move into a two-bedroom apartment in Pratt. At the time of the hearing, Christy was working in Pratt at a nursing home; however, she had just accepted an offer to work at the Pratt Tribune. Her work hours at the new job would be 8:30 a.m. to 4:30 p.m. Pratt is approximately a 30-minute drive from St. John. The children are in school from 8:05 a.m. to 3:15 p.m. After school gets out, D.N. and G.N. go to the custodial parent's home and M.N. goes to a daycare provider. Given D.N. and G.N.'s ages, they are actively involved in sports and extracurricular activities.

After Christy informed Patrick of her proposed move, he filed a motion asking the district court to find Pratt was not a reasonable distance from St. John. The matter was set for an evidentiary hearing. Christy presented her proposed plan for continuing the shared residential custody arrangement. The children would need to wake up at 6:30 a.m. and leave Pratt by 7:15 a.m. to make it to school on time. She would drop the children off at school then return to Pratt to work. After school, D.N. and G.N. would go to the library and M.N. would go to daycare and wait until Christy picked them up sometime between 5 and 5:15 p.m. However, when the children had after-school activities, multiple trips to and from Pratt might be required and Christy would need to rely on friends and babysitters to make it work. Christy suggested the time spent driving could be used in beneficial ways, such as speaking with one another, singing, or doing homework. Christy planned to still exercise her parenting time on Monday and Wednesday evenings but planned to stay in St. John rather than bringing the children to Pratt.

Patrick expressed concerns about Christy's proposed move. He felt the additional traveling would be hard on the children. He was concerned it would interfere with their ordinary routines and would be hard to accommodate their varied activity schedules. He worried the children would not be able to remain part of the community or continue in their chosen extracurricular activities.

The district court found a move to Pratt would not be in the children's best interests. The district court ruled that if Christy moved any further than Stafford, Patrick would immediately become the primary residential parent and Christy would enjoy parenting time with the children as set out in the 20th Judicial District Court Guidelines.

Christy appeals. Additional facts are set forth as necessary.

3

*The district court did not abuse its discretion.*

Christy argues the district court abused its discretion by:  (1) improperly placing the burden of proof on her, (2) failing to consider the statutory framework of K.S.A. 2015 Supp. 23-3203, and (3) unreasonably finding the distance of the proposed move warranted termination of the shared residential custody order.

*Standard of Review*

A district court's order granting or denying a modification to a child custody or residency order will not be disturbed in the absence of an abuse of discretion. See *In re Marriage of Grippin*, 39 Kan. App. 2d 1029, 1031, 186 P.3d 852 (2008). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *Wiles v. American Family Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015); *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015).

*Applicable legal principles*

An appellate court reviews the evidence in the light most favorable to the prevailing party to determine if the district court's factual findings are supported by substantial competent evidence and whether they support the court's legal conclusions. This court does not reweigh evidence, pass on witness credibility, or redetermine

4

questions of fact. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 704-05, 229 P.3d 1187 (2010). The paramount consideration of the district court in deciding child custody or residency is the best interests of the child. K.S.A. 2015 Supp. 23-3201; *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011). The trial court is in the best position to make the inquiry and determination as to the welfare and best interests of the child. Therefore, in the absence of an abuse of sound judicial discretion, its judgment will not be disturbed on appeal. *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002).

Christy claims the district court improperly placed the burden of proof on her. She is mistaken. The child custody order in place clearly indicated Patrick and Christy would enjoy a shared residential custody arrangement for the children so long as they both lived in close proximity to St. John for the children to go to St. John schools. When Christy told Patrick she was planning to move to Pratt, he realized the distance to Pratt was outside the distance limitation the court had used in the shared residential custody order. Thus, Christy was asking for a change in the existing child custody order—allowing her and the children to live in Pratt every other week—and the district court properly imposed the burden of proof on her as the party seeking a change in the current child custody order.

*The district court properly considered the applicable statutory framework.*

*The effect of Christy's failure to raise the issue below*

Christy argues the district court failed to properly consider the statutory framework of K.S.A. 2015 Supp. 23-3203. Specifically, she asserts the district court failed to consider how granting Patrick primary residential custody would affect the

5

children's relationship with her. She also alleges the district court failed to make findings as to four of the factors in the statute:

- The age of the children—K.S.A. 2015 Supp. 23-3203(d);
- The children's adjustment to their home—K.S.A. 2015 Supp. 23-3203(g);
- The willingness and ability of each parent to respect and appreciate the bond between the child and the other parent and to allow for a continuing relationship between the child and the other parent—K.S.A. 2015 Supp. 23-3203(h); and
- The interaction and interrelationship of the child with parents—K.S.A. 2015 Supp. 23-3203 (f).

Christy did not object to the district court's alleged lack of findings.

Kansas Supreme Court Rule 165 (2015 Kan. Ct. R. Annot. 257) places a duty on the district court to provide adequate findings of fact and conclusions of law on the record. A party must, however, object to inadequate findings of fact and conclusions of law to preserve the issue for appeal. Such objection gives the district court an opportunity to correct any alleged inadequacies. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). Without such an objection, an appellate court may generally presume the district court found all facts necessary to support its judgment, unless meaningful appellate review is precluded by the lack of findings. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). When the trial court fails to make adequate findings, the appellate court reviews the record to determine whether the record supports the presumption that the trial court found facts sufficient to support its judgment. *In re Marriage of Whipp*, 265 Kan. 500, 508-09, 962 P.2d 1058 (1998).

*The presumption applies as the district court's findings were sufficient.*

K.S.A. 2015 Supp. 23-3203 does not require the district court to make specific findings with respect to each factor on the record. See *Vandenberg*, 43 Kan. App. 2d at 703; *In re Marriage of Henry and Moore*, No. 105,861, 2012 WL 1450489, at *5-6 (Kan. App. 2012) (unpublished opinion). Thus, a district court's failure to explicitly refer to each factor identified in K.S.A. 2015 Supp. 23-3203 is not fatal.

Another panel of this court recently considered this issue in *Frakes v. Frakes*, No. 114,954, 2016 WL 4414021, at *5-7 (Kan. App. 2016) (unpublished opinion). In *Frakes*, the mother argued the district court did not make the required findings but failed to object below. Accordingly, the *Frakes* court reviewed the record to determine whether it supported the presumption that the trial court found facts sufficient to support its judgment. While the trial court's ruling did not mention all the factors enumerated in K.S.A. 2015 Supp. 23-3203, it did focus on three of the factors as well as the best interests of the child standard and the material change of circumstances standard. *Frakes* noted that this court cannot and will not determine whether one statutory factor weighs heavier than the others. Ultimately, the *Frakes* court found the trial court's findings were supported by the evidence in the record and it applied the correct legal standard even though it did not make explicit findings as to every enumerated statutory factor. 2016 WL 4414021, at *5-9.

K.S.A. 2015 Supp. 23-3203 provides:  "In determining the issue of child custody, residency and parenting time, the court shall consider all relevant factors, including, but not limited to [18 specific points enumerated in the statute.]" We find that enumerating each of the statute factors here is not necessary.

Here, the district court found Christy presented a plan showing it was within the realm of possibility for Christy to move to Pratt and continue a shared custody

7

arrangement. However, the district court found it was not in the best interests of the children to do so. The district court found the proposed move from a sufficiently large house in St. John to a two bedroom apartment in Pratt would present significant difficulties as it would require the 6-year-old boy to share a bedroom with Christy while the 11-year-old girl would have to share the other bedroom with her 14-year-old brother.

The district court found it "clearly impracticable" for the children to spend 2 hours at the library after school during Christy's weeks of custody. The district court further found the logistics required to accommodate the children's activities were unworkable and the inconveniences and stress created by the additional travel time would adversely affect the children. The district court considered Christy's suggestion that the additional time spent driving could be beneficial in terms of the children's interaction with her but found any benefit would not outweigh the burdens imposed on the children. The district court repeatedly emphasized its ruling was not based upon what arrangements were possible but upon those that were in the best interests of the children.

These findings are supported by the record. Contrary to Christy's arguments, the district court's order did in fact consider the age of the children, the children's adjustment to their home, and the interrelationship between the children and parents. Additionally, the district court's order explicitly considered the children's school, its location, the activity schedules of the children, the work schedule and places of employment of the parents, and the location of the parents' residences in St. John and Pratt. Thus, the district court's order explicitly considered many of the factors set forth in K.S.A. 2015 Supp. 23-3203(a)-(r) and what was in the best interests of the children.

As our Supreme Court has repeatedly noted, the paramount consideration in determining child custody or residency is the best interests of the child. See generally *Harrison*, 292 Kan. at 672. The district court is not required to make explicit findings as to all the enumerated statutory factors in K.S.A. 2015 Supp. 23-3203. See *Vandenberg*,

8

43 Kan. App. 2d at 703; *Frakes*, 2016 WL 4414021, at *5. Because Christy did not object to the sufficiency of the district court's findings, this court need only determine whether the record contains evidence to support the presumption that the district court found facts sufficient to support its ruling. *Whipp*, 265 Kan. at 508-09. We find the record contains sufficient evidence to support the district court's ruling. We see no error.

*The district court's decision was not unreasonable.*

An unreasonable judicial action constitutes an abuse of discretion. A district court's action is unreasonable only if no reasonable person would agree with its decision. If reasonable persons could disagree as to the propriety of the district court's decision, there is no abuse of discretion. The party asserting the trial court abused its discretion bears the burden on appeal. See *Wiles*, 302 Kan. at 74; *Northern Natural Gas Co.*, 296 Kan. at 935. In reviewing the district court's decision, this court does not reweigh evidence, redetermine questions of fact, or pass on the credibility of witnesses. *Vandenberg*, 43 Kan. App. 2d at 704-05.

Christy's argument the district court's decision was unreasonable based on the evidence she presented essentially asks this court to reweigh the evidence. This court cannot do so. *Vandenberg*, 43 Kan. App. 2d at 704-05. Reasonable persons might disagree as to whether the distance of the proposed move was so great as to warrant a change in custody; however, the district court's decision is not one no reasonable person would agree with. The district court properly took into account the effect the distance of the proposed move would have on the children and adequately stated its reasons for finding it was not in their best interests. When viewed in the light most favorable to Patrick, the district court's findings were more than sufficient to support its decision. The district court did not abuse its discretion.

9

*Christy's constitutional right to travel was not violated.*

*Standard of Review*

A district court's decision to restrict the location in which a parent may live in order to maintain a child custody arrangement is reviewed for abuse of discretion. *Carlson v. Carlson*, 8 Kan. App. 2d 564, 567, 661 P.2d 833 (1983).

*Discussion*

*Applicable legal principles*

Citizens of this nation generally enjoy a constitutional right to travel and reside where they choose, but this constitutional right may be balanced against a legitimate state interest in restricting the residence of a custodial parent. A divorced person may ordinarily travel and move without restraint or limitation imposed by the desires or wishes of a former spouse. However, when custody of a minor child has been entrusted to a divorced parent, such person may be required to forgo or forfeit some rights to custody or visitation consistent with the best interests and welfare of the children and the rights of the other parent. *Carlson*, 8 Kan. App. 2d at 566-67.

*Failure to raise the issue below*

Christy did not raise this issue before the district court. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant explain why an issue was not raised below and why it should be considered for the first time on appeal. Parties who fail to comply with this rule risk a ruling that the

10

issue is improperly briefed and will be deemed waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court has held Rule 6.02(a)(5) is to be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Christy has not explained why the issue was not raised below or why it should be considered for the first time on appeal. She has failed to comply with Supreme Court Rule 6.02(a)(5); therefore, the issue is improperly briefed and is deemed waived and abandoned. *Godfrey*, 301 Kan. at 1044; *Williams*, 298 Kan. at 1085.

CONCLUSION

The district court properly determined the best interests of the children were served if they continued to live in close proximity to St. John. The district court's determination that under a shared residential custody arrangement a move to Pratt every other week would adversely affect the children was not arbitrary, fanciful, capricious, or unreasonable. Consistent with these findings, the district court did not abuse its discretion.

Affirmed.